## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW HAMPSHIRE

2019 JUN -6 P 2: 05

Plaintiff  Allan Lewis  ( Pro – Se )-- 37 Cormiers Drive Rochester N.H. 03867

**v.**                          **REQUEST FOR JURY TRIAL**

Rochester Police Officer Daine        23 Wakefield  St Rochester N.H.  03867

Rochester Police Officer Benjarmin  23 Wakefield  St Rochester N.H.  03867

Rochester Police Officer Hatch        23 Wakefield  St Rochester N.H.  03867

City of Rochester N.H.                31  Wakefield St Rochester N.H. 03867

Strafford County District Attorney's Office  Old County Road Dover N.H

Strafford County Prosecutor Carol Chellman  Old County Road Dover N.H.


### CIVIL RIGHTS COMPLAINT

### Title 42 Section 1983 Civil Rights Violation

Complaint alleges Malicious Arrest and Malicious Prosecution with BAD FAITH
that Resulted in the Loss of any/ all IMMUNITY by the listed Defendant's in their
Personal and Professional Position as a Governmental Officials.

Complaint alleges an Unconstitutional Act committed by a Governmental
Agents of False Arrest / False Imprisonment" ----In Crawford v. Washington U.S.
Supreme Court Justice Scolia Concluded a Constitutional Issue -----When
HEARSAY EVIDENCE is presented as " Testimonial " in Nature, <u>it is BARRED as a
Violation of the Defendants Rights of Confrontation under the Sixth
Amendment.</u>

Finally, the Complaint also alleges violation of the Civil Rights Act of 1964 and the O.J.P. Program Statute ---The Law prohibits both individual instances and patterns of Practice of Discriminatory Misconduct of UNJUSTIFIABLE ARREST.

COMPLAINT ALLEGES THAT IN THE ORIGINAL MATTER OF STATE v LEWIS IN ROCHESTER DISTRICT COURT, ROCHESTER DISTRICE COURT WAS THE FACT FINDER, AND AS THE FACT FINDER IN A CRIMINAL PROCEEDING FOR THE STATE OF NEW HAMPSHIRE, WHEN THE TRIAL COURT FOUND THE PLAINTIFF NOT-GUILTY, THE TRIAL COURT AS THE ( FACT FINDER ) IN THIS MATTER FOR THE STATE OF NEW HAMPSHIRE, HAS THE LEGAL DUTY TO REMOVE / STRIKE THE ENTIRE HEARSAY POLICE REPORT OF OFFICER DAINE FROM THE TRIAL COURT RECORD BECAUSE

     (#1) ANY ALLEGED ( HEARSAY ) STATEMENT MADE BY MISS LABOMBARD WAS FULLY LITIGATED IN ROCHESTER DISTRICT COURT, AND WITHOUT ANY ALLEGED STATEMENT BEING VIDEO TAPED OR AUDIO RECORDED AS REQUIRED BY ROCHESTER CITY POLICE PROTOCOL 42.1.1.2 AND SECTION 621-2-B OF THE DOMESTIC ABUSE STATUTE, THOSE STATEMENTS ARE IN-ADMISSABLE IN ANY CRIMINAL COURT PROCEEDING.

     (#2 ) AND WITHOUT THE COUNTY PROSECUTOR CALLING OFFICER BENJARMIN ( PRIMARY FIRST RESPONDING ROCHESTER POLICE OFFICER AT THE SCENE ) TO THE STAND TO CORROBERATE THE ALLEGED STATEMENTS WITHIN THE POLICE REPORT OF OFFICER, THE POLICE REPORT OF OFFICER DAINE IS HEARSAY EVIDENCE AND IN-ADMISSIBLE IN A CRIMINAL COURT PROCEEDING TO JUSTIFY PROBABLE CAUSE FOR THE ARREST OF MR. LEWIS, AND MUST BE REMOVED FROM THE TRIAL COURT RECORD AS A MATTER OF LAW, WHEN THE TRIAL COURT FOUND THE PLAINTIFF NOT-GUILTY.

JURISIDICTION TO JUSTIFY FEDERAL COURT PROCEEDINGS

The Plaintiff brings this suit pursuant to Title 42 U.S. Code 1983 and Title VI of the Civil Right Act of 1964 and violations of the Protections Guaranteed to him under the Sixth and Fourteenth Amendments of the U.S. Constitution, under the

DUE PROCESS CONFROTATION CLAUSE ---- <u>PREVENTS THE GOVERNMENT ( COUNTY PROSECUTOR ) FROM INTRODUCING ANY STATEMENTS INTO THE TRIAL COURT RECORD THAT WERE FABRICATED OR MADE INVOLUNTARY IN ANY CRIMINAL COURT PROCEEDING.</u>

This Court has jurisdiction over this action pursuant to 28 USC 1331 because it presents a Federal Question under the Constitution and Laws of the United States on the violation of the Civil Rights Act of 1983, and the Sixth and Fourteenth Amendments to the U.S. Constitution.

U.S. Civil Rights allow Federal Court Jurisdiction when a citizen is DENIED or cannot BE ENFORCED in the State Courts such a State Court Right which provide for the Equal Protections and Civil Rights of citizens of the United States -----The Plaintiff is being DENIED his Sixth and Fourteenth Constitutional Right of DUE PROCESS which, Required that once the Trial Court ( Rochester District ) Found the Plaintiff NOT- GUILTY— for the Trial Court ( Rochester District ) to STRIKE / REMOVE any alleged HEARSAY Statements made by Miss Labombard that was Not Video Taped, Audio Recorded or corroborated by Officer Benjarmin, because they do Not fall under the HEARSAY EXCEPTION Rule # 81, and the Jurisdiction in civil matters conferred on the District Courts by the provisions of titles 13, 24, and 70 of the Revises Statutes for the protection of all persons in the United State.

### FIRST THE ROOKER FELDMAN DOCTRINE DOES NOT APPLY

First if this Honorable Court were to even consider that the Plaintiffs actions are blocked under the Rooker / Feldman Doctrine or any other Restrictive Doctrine in this matter, the Plaintiff's wants to show that they don't apply in this matter,

because the Plaintiff is Not seeking to show a REVERSABLE ERROR or to APPEAL

any State Court Decision. ---Complaint seeks to show that once the Trial Court

( FACT FINDER ) Found the Plaintiff Not-Guilty, the Trial Court had a LEGAL DUTY

to REMOVE, STRIKE, any and all HEARSAY In-Admissible Evidence from the Trial

Court Record as a matter of N.H. Law.


SECOND, ANY JUDGMENT IN STRAFFORD COUNTY SUPERIOR COURT IN WHICH
THE HEARSAY POLICE REPORT OF OFFICER DAINE WAS A PART OF THE TRIAL
COURT RECORD IS ---VIOD --- BECAUSE ANY ELEMENT OF THE TESTIMONY OF
MISS LABOMBARD WAS FULLY LITIGATED BEFORE ROCHESTER DISTRICT COURT
( FACT FINDER ) <u>AND UNDER THE N.H. CONST. TWO COURT SYSTEM, STRAFFORD
COUNTY SUPERIOR COURT IS NOT AN APPELLATE COURT FOR THE STATE OF
NEW HAMPSHIRE AND IS OUTSIDE STRAFFORD COUNTY SUPERIOR COURT TO
RE-LITIGATE ANY ISSUE ON THE MERITS OF MISS LABOMBARD'S SWORN
TESTIMONY AS A MATTER OF LAW.</u>

THE PLAINTIFF ALSO HAS AN AFFIRMITIVE DEFENSE UNDER THE N.H.
CONSTITUTION'S TWO COURT SYSTEM AND THE DOCTRINE OF RES JUDICATA
AND COLLATERIAL STOPPLE WHICH BOTH PREVENT STRAFFORD COUNTY
SUPERIOR COURT FROM HAVING THE LEGAL AUTHORITY TO RE-LITIGATE ANY
ISSUE ON THE MERITS OF MISS LABOMBARD'S SWORN TESTIMONY FROM THE
PREVIOUS TRIAL IN ROCHESTER DISTRICT COURT AS A MATTER OF N.H. LAW.


In the original matter of State v. Lewis, the Rochester District Court Judge

served as the FACT FINDER, and Controls the Conduct of the Court, and  without

the County Prosecutor calling Officer Benjarmin ( Primary First Responding

Rochester Police Officer at the scene ) to the Stand to dispute the Sworn

Testimony of Miss Labombard, alleging that Miss Labombard had somehow

committed PERJURY, because the Testimony Miss Labombard gave in Open

Court during the Hearing to have the Restraining Order Removed from Mr.

Lewis, is inconsistent with the Testimony that she gave Officer Daine,--- ( which the County Prosecutor, and the Rochester Police allege was given FREELY and under the penalty of Perjury ) -------- the Trial Judge Found the Plaintiff Not- Guilty.

As the FACT FINDER of the Case, when Rochester District Court Found the Plaintiff Not- Guilty, the Trial Court had a Legal Duty to STRIKE / REMOVE any and all In-admissible Evidence ( HEARSAY Police Report of Officer Daine ) from the Trial Court Record as a matter of Constitutional Law.

And under the N.H. Constitutions Two Court System, as the FACT FINDER for the State of New Hampshire in the previous matter, when Rochester District Court Found the Plaintiff ---Not - Guilty ----without the County Prosecutor filing an Appeal under Rule # 7 with the N.H. Supreme Court, after ( 30 ) Days any element on the Merits of Miss Labombard's Sworn TESTIMONY in Rochester District Court is FINAL and outside the LEGAL AUTHORITY of Strafford County Superior Court, because Strafford County Superior Court is NOT a APPELLATE COURT for the State of New Hampshire.

AFFIRMITIVE DEFENSE

(#1 ) <u>Federal Rules of Evidence # 805---Requires that all levels of HEARSAY Evidence Satisfy the Exception Requirement before the Statements are Admissible. See Wilson v Zapala Off Shore Co 939F.2d 260.</u>

Rule of Law ---Police Reports are generally considered HEARSAY and are usually used for Impeachment Purposes ONLY, because a Police Officer

cannot Testify to something someone else told them unless the Statement falls under the HEARSAY EXCEPTION Rule.

And without the County Prosecutor calling Officer Benjarmin ( Primary First Responding Rochester Police Officer ) to somehow show that Miss Labombard had committed PERJURY ---- that EXCEPTION is Completely LOST.

In Accordance with the N.H. Constitution's Two Court System, as the FACT FINDER in the original matter, after ( 30 ) days the Rochester District Courts Judgment becomes the FINAL JUDGMENT ISSUED BY THE TRIAL COURT and this FINAL JUDGMENT issued by the FACT FINDING Trial Court ( Rochester District ) of-- NOT- GUILTY -- is an AFFIRMITIVE DEFENSE issued by a Court of Competent Jurisdiction which without being REVERSED or AMENDED by the N.H. Supreme Court, after (30 ) becomes the FINAL JUDGMENT on the Merits and Controls the Conduct of any Court.

And under the N.H. Const. Two Court System, prevents Strafford County Superior Court ( Which is Not an Appellate Court for the State of New Hampshire ) from having any LEGAL AUTHORITY to Re- Litigate any issue on the Merits of Miss Labombard's Sworn TESTIMONY of Miss Labombard.

In Elliot v. Piersol 1 Pet. 328, 340,26 U.S. 328 the U.S. Supreme Court Ruled that " If a Court is without ( Legal Authority ), its Judgment and Orders are regarded as NULLITIES, they are Not Voidable, but simply VOID, they constitute No JUDGMENTS and anyone who would Enforce those JUDGMENT are considered in Law as TRESSPASSERS

$G$

Especially when there is an allegation of a CRIME being committed by the County Prosecutor when she violated the Plaintiff's Sixth and Fourteenth Amendment Rights by using her Office to place Fabricated or Involuntary Statements into the Trial Court Record ( Police Report of Officer Daine ) alleging that they were TRUE and CORRECT.

## COMPLAINT

Complaint alleges that Rochester District Court was the FACT FINDER in the original matter of Lewis v State of New Hampshire, and as a matter of Law, once Miss Labombard TESTIFIED in Open Court before Rochester District Court

<u>That Mr. Lewis did Not Hurt her in any way, and that she was Not Afraid of Mr. Lewis</u>

As the FACT FINDER, the Trial Court Found the Plaintiff Not- Guilty, and as a matter of Law, --- <u>Once Rochester District Court Found the Plaintiff ---Not- Guilty --- the Trial Court had a Legal Duty to STRIKE/ REMOVE the HEARSAY Police Report of Officer Daine and any other In-Admissible Evidence from the Trial Court Record --Sua Sponte—(on its own ) as a matter of Law.</u>

Complaint alleges that under R.S.A. 507-b 4 the Plaintiff is entitled to file for Damages in the amount of $325.000 from any one person, or $ 925.000 by any number of persons in a single incident or occurrence because it's not just a Violation of his Civil Rights to be ARRESTED and INCARCERATED without Probable Cause, but it's a CRIME under the Sixth Amendment of the U.S. Const.

for the listed Defendant's to Introduce any Statements into the Trial Court Record that were FABRICATED or made INVOLUNTARY in a Criminal Court Proceeding.

And without the County Prosecutor calling Officer Benjarmin to the Stand as the First Responding Rochester Police Officer at the scene of a possible Domestic Disturbance, to corroborate the Statements in the Police Report of Officer Daine to justify the ARREST and INCARCERATION of Mr. Lewis, the Police Report of Officer Daine Remains Complete HEARSAY, and when the Trial Court ( Rochester District ) – as the FACT FINDER in this matter -- Found the Plaintiff --NOT-GUILTY---- the Trial Court ( Rochester District ) as the Legal Duty to Remove the HEARSAY Police Report of Officer Daine from the Trial Court Record as a matter of N.H. Law.

#1 Because any issue on the Merits as to whether the alleged Statements in the Police Report of Officer Daine qualify as an TESTIMONAL was Fully Litigated or should have been Litigated before the Trial Court ( Rochester District ) FACT FINDER in this matter, especially when Miss Labombard was Represented by Private Counsel, and took the Stand and again Stated for the Trial Court Record that

> Mr. Lewis did Not hurt her in any way, and that she was Not afraid of Mr. Lewis.

And without the County Prosecutor Calling Officer Benjarmin to the Stand to Re-Butt the Sworn TESTIMONY of Miss Labombard alleging PERJURY, as the FACT FINDER in this matter, the Trial Court Found the Plaintiff NOT- GUILTY, and has a

Legal Duty to Remove the HEARSAY Police Report of Officer Daine as a matter of Law.

#2 Under the Sixth Amendment Clause of the U.S. Constitution, without the County Prosecutor calling Officer Benjarmin to the Stand to corroborate the Police Report of Officer Daine, ----- The actions of the County Prosecutor in placing the Police Report of Officer Daine into the Trial Court Record alleging that that Miss Labombard made a TESTIMONAL to Officer Daine, a Governmental Official, is Not only a violation, but constitutes a CRIME and the Loss of any IMMUNITY by BAD FAITH, because she used her Governmental Officer to introduce the HEARSAY Police Report of Officer Daine into the Trial Court Record knowing that the Statements were either FABRICATED or made INVOLUNTARY by Miss Labombard in a CRIMINAL Proceeding because the Police Report of Officer Daine Clearly states that

( #1 ) That Miss Labombard Refused to complete a LAP form.

(#2 ) That Miss Labombard Refused to provide a Statement.

( #3 ) That Miss Labombard also stated that she was NOT hurt or Injured.

( #4 ) That Officer Daine also wrote in his Police Report that he saw NO injuries on Miss Labombard, or any signs of Damage to the home.

## ALLEGED FEDERAL CRIME

When the County Prosecutor got the Complaint from the Rochester Police Dept. alleging the Mr. Lewis violated Section 621-2-b of the Domestic Abuse Statute, as the County Prosecutor her Legal Duty was not Discretional, but Ministerial, and she has a Legal Duty to make sure that the offence that Mr. Lewis was

Charged with, was JUSTIFIED under Section 621-2-b of the Domestic Abuse
Statute, and when the County Prosecutor chose to use her Governmental Office
to place the HEARSAY Police Report of Officer Daine, into the Trial Court Record,

> Alleging that the Statements within the Rochester Police Report of Officer
> Daine were INVESTIGATED by her Office, and CERTIFIED as the County
> Prosecutor, to the BEST of her knowledge that the alleged Statements in
> the Police Report of Officer Daine were TRUE and CORRECT to justify the
> ARREST and INCARCERATION of Mr. Lewis.

At that moment, the County Prosecutor has used her Office to committed a very
Serious FEDERAL CRIME ( *Any act which the sovereign has deemed contrary to
the Public Good* ) against Mr. Lewis and his Family, and has Loss any IMMUNITY,
because her actions complies with all the elements of BAD FAITH which
JUSTIFIES the Loss of any IMMUNITY, especially when the County Prosecutor
had the Full knowledge that the Police Report of Officer Daine specifically
States.

> ( #1 ) That Miss Labombard Refused to complete a LAP form.
> (#2 ) That Miss Labombard Refused to provide a Statement.
> ( #3 ) That Miss Labombard also stated that she was NOT hurt or Injured.
> ( #4 ) That Officer Daine also wrote in his Police Report that he saw NO
> injuries on Miss Labombard, or any signs of Damage to the home.

The Plaintiff seeks to use his Constitutional Right under Title 42 Section 1983 of
the Civil Rights Act and Rochester City Police Protocol # 42.1.1.2 to show that it
was BAD FAITH with the Loss of any IMMUNITY when the County Prosecutor

chose to place the HEARSAY Police Report of Officer Daine into the Trial Court Record  ( Alleging that the Statements made by Miss Labombard was a TESTIMONIAL made under Oath to Officer Daine ).

> That Mr. Lewis ran from the living room into the kitchen and with both hands pushed Miss Labombard into the wall causing her to fall to the ground, and that she Miss Labombard was afraid of Mr. Lewis, and had barricaded herself in the back bedroom because she was afraid of Mr. Lewis

Which Justifies PROBABLE CAUSE under Section 621-2-b of the Domestic Abuse Statute for the ARREST and INCARCERATION of Mr. Lewis.

<u>But the Police Report of Officer Daine Clearly</u> states

> ( #1 ) That Miss Labombard Refused to complete a LAP form.
>
> (#2 ) That Miss Labombard Refused to Provide a Statement.
>
> ( #3 ) That Miss Labombard also stated that she was NOT hurt or Injured.
>
> ( #4 ) That Officer Daine also wrote in his Police Report that he saw NO injuries on Miss Labombard, or any signs of Damage to the home.

And without any Corroboration from Officer Benjarmin ( Primary Officer at the scene ) the County Prosecutor FAILED to show that

> #1 Miss Labombard made any Statement to Officer Daine, let alone a ( TESTIMONAL ) that was FREE of WILL and under the Penalty of Perjury.

$\mathcal{M}$

Or #2, That the County Prosecutor had other Probable Cause
Evidence as defined under Section 621-2-b of the Domestic Abuse
Statute for the ARREST and INCARCERATION of Mr. Lewis.

The actions of the County Prosecutor of putting forth FABRICATED or
INVOLUNTARY Statements allegedly made by Miss Labombard into the Trial
Court Record alleging that they are TRUE and CORRECT Constitutes BAD FAITH
and the Loss of any IMMUNITY because the Police Report of Officer Daine
CLEARLY States that Miss Labombard REFUSED to give any Statement to Officer
Daine,

**_Footnote---The Police Report of Officer Hatch ( Arresting Officer ) verifies
that Miss Labombard did NOT call the Police, therefore she is under NO
Obligation within her own home to give any Statement to Officer Daine, and
made it CLEAR that she did NOT want to make one when Requested by Officer
Daine._**


The County Prosecutor violated the Plaintiff's Sixth Amendment Rights of DUE
PROCESS and the PROTOCOL'S of her Office by introducing any alleged
Statements in which she has personal and professional knowledge that they
were either FABRICATED or made INVOLUNTARY in a Criminal Court Proceeding.

And it's Not just a Violation, but a very Serious FEDERAL CRIME, with the Loss of
IMMUNITY by BAD FAITH, when the County Prosecutor chose to use her
Governmental Office to Introduce FABRICATED or INVOLUNTARY Statements
allegedly made by Miss Labombard into the Trial Court Record, Certifying that
they are TRUE and CORRECT in a Criminal Proceeding.

BLACK LETTER LAW------When Miss Labombard TESTIFIED in Open Court under OATH at the Hearing to have the Restraining Order Removed from Mr. Lewis,

That Mr. Lewis did Not Hurt her in any way, and that she was Not afraid of Mr. Lewis,

this Sworn TESTIMONY by the alleged victim in Open Court, CHANGES THE ENTIRE CASE.

And puts a Undefeatable Burden on the County Prosecutor to prove

( #1 ) That Miss Labombard has somehow committed PERJURY, and the alleged Statements in the HEARSAY Police Report of Officer Daine QULIFIES as an Exception to the HEARSAY Rule ----Even though her Statements to Officer Daine were Not Video Taped, Audio Recorded or even corroborated by Officer Benjarmin as Required by Protocol and Statute, and completely DENIED by Miss Labombard.

or (#2) The County Prosecutor to put Officer Benjarmin ( Primary First Responding Officer at the scene) on the STAND to REBUTT the Sworn TESTIMONY of the alleged victim Miss Labombard, and why he did Not write a detailed Police Report as his Governmental Office Requires when an ARREST was made.

Because without the County Prosecutor proving one or the other, or DISMISSING this Case, the County Prosecutor had No Probable Cause as defined by Section 621-2-b of the Domestic Abuse Statute for the ARREST and INCARCERATION of Mr. Lewis.

## DECEIT (tort) JUSTIFYING THE LOSS OF IMMUNITY BY THE COUNTY
## PROSECUTOR. #1

Although the Trial Court Record shows that Mr. Lewis gave his house keys to Rochester City Police Officer Benjarmin, the County Prosecutor couldn't call Officer Benjarmin to the Stand, because she knew that Officer Benjarmin had violated so many Police Protocol's that would make all the listed Defendant's Liable for DAMAGES as a Direct Result, so instead, the County Prosecutor Not only keep Officer Benjarmin off the Stand, but also out of the Courtroom, because as the First Responding Rochester Police Officer at the scene of an alleged Domestic Disturbance, the Plaintiff would have had the Legal Rights to Call or Cross-Examine Officer Benjarmin ( Primary First Responding Rochester Police Officer at the scene ) to the Stand,  to TESTIFY as to what he Heard and Saw, and why as the First Responding Rochester Police Officer at the scene of a possible Domestic Disturbance,  why he didn't write a detailed Police Report as Required when an ARREST under Section 621-2-b of the Domestic Abuse Statute was made ------Especially when as the First Rochester Police Officer at the scene with the Keys to Mr. Lewis Home, Officer Benjarmin's actions are not Discretional, but are MINISTERIAL.

*The Primary Purpose of the HEARSAY Rule is for the Protection of the Rights of the Litigants to Confront witness against them and to Test their Creditability through Cross – Examination See U.S. v Evans 572 F2d 455,*

Without the County Prosecutor calling Officer Benjarmin to the Stand to Rebut the  Sworn Testimony of the alleged victim Miss Labombard, under the N.H. Constitution's Two Court System, without the FINAL JUDGMENT on the Merits

14

of Miss Labombards TESTIMONY being REVERSED or AMENDED by the N.H. Supreme Court, after (30) days this FINAL JUDGMENT on the MERITS of Miss Labombard's Testimony is outside the Legal Authority of Strafford County Superior Court <u>because Strafford County Superior Court is Not an Appellate Court for the State of New Hampshire</u>.

### FIRST CAUSE OF ACTION -- MALICIOUS PROSECUTION

The Plaintiff wants to show an Un-Constitutional Act of Malicious Prosecution Committed by the Governmental Official Listed in the above matter and the Loss of any IMMUNITY as a Direct Result.

In order to Prove Malicious Prosecution against the County Prosecutor and the Loss of any Immunity, the Plaintiff MUST prove all 4 Prongs

1. *The Original Case ( involved Criminal Charges ) and was Resolved in the Plaintiff's Favor.*

2. *Prosecutor was Actively Involved in the original matter.*

3. *Prosecutor did not have the Probable Cause necessary to file the Charges.*

4. *Prosecutor initiated or pursued the original case for Improper Purpose.*

### <u>ROCHESTER POLICE JUSTIFICATION FOR THE ARREST OF MR. LEWIS</u>.

The Plaintiff was ARRESTED by the Rochester Police Dept. under Section 621-2-b for

( a ) <u>Purposely or knowingly causes bodily injury or unprivileged physical contact against another by use of physical force. i.e. Miss Labombard.</u>

15

By Statute, before there can be an ARREST, the Arresting Officer MUST

>   ( # 1 ) Have seen the Assault for himself
>
>   ( #2 ) Have a SIGNED COMPLAINT or VIDEO TAPE Statement  from the alleged victim. ( Testimony )
>
>   (#3 ) Have a AUDIO TAPE Recording of an Uttered Statement from the alleged victim, Miss Labombard.
>
>   (#4 ) Or have other Evidence as defined by Section 621-2-b of the Domestic Abuse Statute to justify PROBABLE CAUSE for the ARREST of Mr. Lewis.

But at a HEARING to have the Restraining Order Removed from Mr. Lewis, and while being Represented by Private Counsel, Miss Labombard ( alleged victim ) TESTIFIED in Open Court and under OATH

>   <u>That Mr. Lewis did Not Hurt her in any way, and that she was Not Afraid of Mr. Lewis.</u>

And without the County Prosecutor calling Officer Benjarmin ( Primary First Responding Rochester Police Officer at the scene ) to the Stand to dispute the Sworn Testimony of Miss Labombard, alleging that Miss Labombard had somehow committed PERJURY, because the Testimony Miss Labombard gave in Open Court during the Motion to have in a prior Hearing to have the Restraining Order Removed from Mr. Lewis, is inconsistent with the Testimony that she gave Officer Daine,--- ( which the County Prosecutor, and the Rochester Police allege was given FREELY and under the penalty of Perjury ) --------<u>Any Probable Cause for the ARREST of Mr. Lewis was LOST, and this case should have been DISMISSED before going to Trial.</u>

16

## LOSS OF ANY IMMUNITY BY DECEIT AND BAD FAITH

**Under 507-b; 4 IV ---The Governmental Officials listed above are IMMUNED from any NEGLIGENCE Claim as long as they were**

> **( #1 ) Acting within the Scope of their Office, and**
>
> **(#2)  There actions were Discretionary rather than Ministerial**
>
> **( #3 ) And that they Acted in Good Faith.**
>
> **(#4 )  And Finally, that their actions were Not made in a wanton Reckless Manner.**

**The N.H. Supreme Court Ruled that Bad Faith Conduct ---constitutes the Loss of any/ all Immunity because it is Unethical, and Dishonest**, it manifests a Conscious Intention by the County Prosecutor, a Licensed Legal Attorney to commit a **FRAUD on the Judicial Process.**


After the Hearing to have the Restraining Order Removed from Mr. Lewis, in which the alleged Victim Miss Labombard TESTIFIED in Open Court and under OATH

> **That Mr. Lewis did not Hurt her in any way, and that she was Not afraid of Mr. Lewis.--- And the Restraining Order was Removed.**


And it was a **FEDERAL CRIME with the  Loss of any / all IMMUNITY by BAD FAITH** when the County Prosecutor continued to use her Office to use the HEARSAY Police Report of Officer Daine as Probable Cause ( **Testimonial** ) for the ARREST and INCARCCERATION of Mr. Lewis, especially when the Police Report Confirms that

> **( #1 ) That Miss Labombard Refused to complete a LAP form.**

17

(#2 ) That Miss Labombard Refused to Provide a Statement.

( #3 ) That Miss Labombard also stated that she was NOT hurt or Injured.

( #4 ) That Officer Daine also wrote in his Police Report that he saw NO injuries on Miss Labombard, or any signs of Damage to the home.

As a Licensed Attorney of Law Representing the State of New Hampshire, her actions violate the Plaintiff's **Sixth Amendment Rights under the U.S. Constitution, which PREVENTS the Government ( County Prosecutor ) from INTRODUCING any Statement into the Trial Court Record that was FABRICATED or made INVOLUNTARY in a CRIMINAL CASE.**

Second, the **N.H. Supreme Court Ruled** that there are ( 3 ) Prongs which are Required to have any **Official, Municipal or Qualified Immunity** and the Defendants have violated **All Three by BAD FAITH and DECEIT.**

> **Prong #1  Discretionary----** *Non -Discretionary Acts are MINISTERIAL in which they have NO IMMUNITY.*

> **Prong #2  Wanton ---***Wanton Acts are conclusions of an Intentional Wrongful Act or Omission of a known Obligation with Reckless indifference to the potential consequences, which there is NO IMMUNITY.*

> **Prong # 3 RECKLESS ---** *Reckless Acts are done in heedless disregards for the Life, Limb, Health, Safety, Reputation or Property Rights of Another, which there is NO IMMUNITY.*

The above listed Defendants including the City of Rochester **have lost any OFFICIAL, MUNICIPAL or QULIFIED IMMUNITY from a Tort Claim for FALSE**

18

**ARREST and FALSE IMPRISIONMENT because they WANTONLY ( prong # 3 ) practice BAD FAITH by RECKLESSLY ( prong #2 ) Discriminating against the Inhabitants of Rochester under the Color of Law, <u>by SUBJECTING its Residents to the Deprival of their Civil /Constitutional Rights as Residents of Rochester.</u>**

As Despicable as the Plaintiff believes the Rochester Police Dept. actions were in this matter, especially Officer Benjarmin, **( First Responding Officer at the scene** ) the actions of the County Prosecutor was Ten Times Worse, because it was her actions that has **cause the Most DAMAGE to the Plaintiff and his Family**.

After the Plaintiff was FALSLY ARRESTED by Officer Hatch of the Rochester Police Dept. and Held at Strafford County House of Corrections for two days on a $1,000 Case bail, the County Prosecutor was given the Police File for the **ARREST and INCARCERATION of Mr. Lewis** which only contained the Single Police Report of Officer Daine, who was actually at the scene, and his Police Report clearly states

   **( #1 ) That Miss Labombard Refused to complete a LAP form.**
   **(#2 ) That Miss Labombard Refused to provide a Statement.**
   **( #3 ) That Miss Labombard also stated that she was NOT hurt or Injured.**
   **( #4 ) That Officer Daine also wrote in his Police Report that he saw NO injuries on Miss Labombard, or any signs of Damage to the home.**

And instead of DISMISSING this Case, or Down Grading the complaint to a **Misdemeanor,** the County Prosecutor chose instead to use **DECEIT** use the alleged Statements in the HEARSAY Police Report of Officer Daine as Probable

19

Cause ( **Testimony** ) for the ARREST and INCARCERATION of Mr. Lewis, and has exposed the listed Defendants to the Liabilities imposed by her **BAD FAITH and DECEIT** when she violated the Plaintiff's Sixth and Fourteenth Amendment Rights by entering these alleged Statements into the Trial Court Record alleging that Miss Labombard made a **TESTIMONIAL** to Officer Daine that

> **Mr. Lewis ran from the living room into the kitchen and with both hands pushed Miss Labombard into the wall causing her to fall to the ground, and that she Miss Labombard was afraid of Mr. Lewis, and had barricaded herself in the back bedroom because she was afraid of Mr. Lewis.**

While knowing all the time that the Police Report of Officer Daine clearly states

> **( #1 ) That Miss Labombard Refused to complete a LAP form.**
>
> **(#2 ) That Miss Labombard REFUSED TO PROVIDE A STATEMENT.**
>
> **( #3 ) That Miss Labombard also stated that she was NOT hurt or Injured.**
>
> **( #4 ) That Officer Daine also wrote in his Police Report that he saw NO injuries on Miss Labombard, or any signs of Damage to the home.**

**Under the Sixth Amendment -----When the County Prosecutor (Governmental Official ) used her Office to put forth INVOLUNTARY Statements in a CRIMINAL Proceeding it becomes a  FEDERAL CRIME and constitutes BAD FAITH, and the Loss of any / all IMMUNITY when the County Prosecutor**

> **#1 FAILED to produce the Required Video Taped TESTIMONAL of Miss Labombard as Required by Statute and Protocol.**

> **#2 FAILED to produce a AUDIO RECORDING of any Uttered Statement that Miss Labombard made have made as Required by Statute and Protocol.**

**#3 FAILED to call Officer Benjarmin or any other Rochester Police Officer who was at the scene to the Stand to corroborate the alleged Statements in the Police Report of Officer Daine.**

**#4 FAILED to inform the Plaintiff ( Defendant ) that the State did Not have a Signed Complaint as Required by Statute, and failed to down grade the Complaint to a Misdemeanor at BEST.**

### ORIGINAL CASE HISTORY

The Plaintiff plays in a Band, and that weekend the Plaintiff was supposed to play in Maine for two nights, and FAILED to come home the first night, so the next day when the Plaintiff got home, Miss Laombard was very up-set, because she had a Medical Emergency and could Not contact me.

I tried to calm her, and thought that maybe she was having a Bad Medical Reaction to the Medicine that she was put on, I was very concerned about Miss Labombard and her Medical Condition, and because I was going to be out of the house for another night, I went to the Rochester Police Dept. on my way to Maine to request a SAFETY CHECK on Miss Labombard, just to stop by and to made sure that everything was O.K. because Mr. Lewis was concerned.

***Footnote---The Police Report of Officer Hatch ( Arresting Officer ) verifies that Miss Labombard did NOT call the Police, therefore she is under NO Obligation within her own home to give any Statement to Officer Daine, and made it CLEAR that she did NOT want to make one when Requested by Officer Daine.***

As a longtime Resident and home owner, I thought that it was still O.K. ( in fact I thought that it would be ROMANTIC for Miss Labombard to see just how much I care for her, even with her medical condition, by having the Rochester Police Dept. just Check in on her because I still had to work, -----And I was VERY ----**WRONG** ------While at the Rochester Police Dept. Officer Hatch attempted to treat me as some sort of **PERP**, that I had somehow hurt Miss Labombard, and **I was having NONE of THAT and let him know it,** I openly gave my house keys to Officer Benjarmin so that he could do a SAFETY CHECK on Miss Labombard, in while doing so, was HELD at the Rochester Police Station, and while there, it became very CLEAR that the Rochester Police were Not listening to the Plaintiff's concerns, and **considered this to be a possible Domestic Disturbance and started an Ministerial investigation.**

Therefore when Officer Benjarmin accepted the keys from Mr. Lewis, he became the **First Responding Rochester Police Officer at the scene** investigating a possible Domestic Disturbance, and at that point, Officer Benjarmin's Duties are **Not DISCRETIONARY but are MINISTERIAL ( Prong # 1 ) and his actions were RECKLESS ( Prong # 2 ) and WANTON ( Prong #3 )** because as the First Responding Rochester City Police Officer at the scene of an alleged Domestic Disturbance, Officer Benjarmin has a Legal Duty ( **MINISTERIAL DUTY** ) to perform which Requires

> #1 **To make sure that there was a Patrol Car equipped with an AUDIO / VIDEO Equipment present before entering the Lewis home.**
>
> #2 **To make sure that there are ( 2 ) Rochester Police Officers present before entering the Lewis Home.**

**#3 To make sure that one of the Officers who entered the home of Mr. Lewis was Trained and Equipped to RECORD any Utter Statement that the alleged victim Miss Labombard might make.**

**# 4 To make sure that one of the Officers who entered the home of Mr. Lewis was Trained and Equipped to VIDEO TAPE any TESTIMONIAL that Miss Labombard might wanted to make.**

**#5 To make sure that any Cuts / Bruise that Miss Labombard might have were VIDEO TAPED.**

**# 6 To Lend Aid to Miss Labombard and any Medical Condition she might have, ( Cancer Patient ) and to perform a proper Investigation as Required under Section 631-2-b of the Domestic Abuse Statute and Rochester City Police Protocol # 42.1.1.2.**

**#7. To make sure that if there are any ARRESTS made, that those ARRESTS comply with all the Protocols outlined under Strafford County Protocol for Domestic Violence Investigation and Rochester City Police Protocol # 42.1.1.2.**

And even when it was CLEAR that Officer Benjarmin did Not COMPLY with any of the **Protocol's or the Ministerial Duties as a First Responder**, the action of the County Prosecutor are MUCH worse, because she did not care that Officer Benjarmin Failed to corroborate the Police Report of Officer Daine, or anything about Protocol, ---**Nothing was going to prevent the County Prosecute from getting her pound of flesh from Mr. Lewis. ----**And by placing the HEARSAY Police Report of Officer Daine into the Trial Court Record, alleging that Miss Labombard made a TESTIOMONAL to Officer Daine,( Governmental  she has committed a serious CRIME, ( Act which the sovereign has deemed contrary to

the Public Good ) and its BAD FAITH and the LOSS of IMMUNITY, especially
when the Police Report of Officer Daine CLEARLY States

( #1 ) That Miss Labombard Refused to complete a LAP form.

(#2 ) That Miss Labombard <u>REFUSED TO PROVIDE A STATEMENT</u>.

( #3 ) That Miss Labombard also stated that she was NOT hurt or Injured.

( #4 ) That Officer Daine also wrote in his Police Report that he saw NO
injuries on Miss Labombard, or any signs of Damage to the home.

Once Miss Labombard told Officer Daine that she Refused to provide a
Statement ----And if Officer Daine still wants to ARREST Mr. Lewis, he MUST
Comply with Strafford County Protocol for Domestic Violence which
Requires for Miss Labombard to RECANT her prior Statement to Officer Daine,
and FREELY and WILLINGLY, make a VIDEO TAPED Statement ( Testimomal ) as
Required by Statute and Protocol for the ARREST of Mr. Lewis.

<u>STRAFFORD COUNTY PROTOCOL FOR DOMESTIC VIOLENCE INVESTIGATION</u>
VII. When the Police Department makes an ARREST on an incident of Domestic
Violence as defined in RSA 173-B:1, they shall follow the Strafford County
Protocol for Domestic Violence Investigations.

### III. OFFICERS RESPONSE

### H. Criminality of the Offense

1. No fewer than two ( 2 ) Officers shall be assigned to a Domestic Violence, and
<u>a lone Officer should await backup before entering unless the Officer believes
doing so is necessary to save someone's life</u>.

24

**2. Each cruiser in each zone will be provided with VIDEOTAPE Equipment for use in investigating Domestic Violence Incidents,---<u>IN ALL CASES, THE VICTIMS STATEMENT, VICTIMS INJURIES, WITNESS STATEMENTS, AND THE CRIME SCENE SHALL ALL BE DOCUMENTED VIA –VIDEO CAMERA.</u>**

**3. It will be the responsibility of the arresting Officer ( Officer Hatch ) to log the Videotape into the Police Evidence locker for the County Attorney.**

**<u>REPORT AND RECOMMENDATION PART #1 -- MALICIOUS PROSECUTION</u>**

**Because the Plaintiff is Pro-Se, and the Court ( N.H. District ) is Required to do a REPORT and RECOMMENDATION before issuing any Summons in this matter, and because the Plaintiff is Challenging issues from a Prior Case.**

**In order to Prove PART ONE ----Malicious Prosecution ---and the loss of any / all Immunity by BAD FAITH the Plaintiff MUST prove all 4 Prongs**

**Prong #1 -- The Original Case ( involved Criminal Charges ) and was Resolved in the Plaintiff's Favor.**

**Prong # 2 ---Prosecutor was Actively Involved in the original matter.**

**Prong #3 ---Prosecutor did not have the Probable Cause necessary to file the Charges.**

**Prong # 4 ---Prosecutor initiated or pursued the original case for Improper Purpose.**

**ARGUMENT**

**Prong #1 --The Trial Court from Rochester District Court shows that Miss Labombard Testified in Open Court to have the Restraining Order Removed**

25

from Mr. Lewis -----That Mr. Lewis Did Not hurt her in any way, and that she was Not Afraid of Mr. Lewis,-----And without the County Prosecutor calling Officer Daine to the STAND to Re-butt the Sworn Testimony of Miss Labombard , the Trial Court found Mr. Lewis ----NOT GUILTY ----FACTS IN EVIDENCE

Prong # 2 – The Trial Court Record shows that the County Prosecutor was Actively Involved in the Original Case. ----FACTS IN EVIDENCE

Prong # 3 ---The Trial Court Record will show that the County Prosecutor did not have the Probable Cause Evidence necessary under Section 621-2-b of the Domestic Abuse Statute to file the Charges against the Plaintiff because

(#3a) The alleged Statements in the Police Report of Officer Daine were were Not VIDEO TAPED, or AUDIO RECORDED as Required by Protocol and Statute, and were Not even corroborated by Officer Benjarmin ( Primary First Responding Rochester Police Officer at the scene) and is therefore Not Admissible Evidence in a Criminal Court Proceeding.

( #3b ) Especially when the alleged victim ( Miss Labombard ) Testified in Open Court, and under OATH ----That Mr. Lewis did Not HURT Her, in any way, and that she is Not Afraid of Mr. Lewis.----FACTS IN EVIDENCE

Prong # 4 --- The Trial Court Record indicates that the County Prosecutor initiated or continued to pursue actions even after Miss Labombard TESTIFIED in Open Court at the Hearing to have the Restraining Order Removed--- that Mr.

26

Lewis Did Not Hurt her in any way and that she was Not afraid of Mr. Lewis. for an Improper Purpose. ------ i.e. To Punish Mr. Lewis for a CRIME that he did Not Commit without any Evidence .----FACTS IN EVIDENCE.

### POLICE  ALLIGATION

The Plaintiff was ARRESTED by the Rochester Police Dept. under Section 621-2-b for

( a ) Purposely or knowingly causes bodily injury or unprivileged physical contact against another by use of physical force against Miss Labombard .

By Statute, before there can be an ARREST, the Arresting Officer MUST

( # 1 ) Have seen the Assault for himself

( #2 ) Have a SIGNED COMPLAINT or VIDEO TAPE Testimonial from the alleged victim.

(#3 ) Have other Evidence as defined by Section 621-2-b of the Domestic Abuse Statute to justify PROBABLE CAUSE for the ARREST of Mr. Lewis.

But at a HEARING to have the Restraining Order Removed, Miss Labombard ( alleged victim ) TESTIFIED in Open Court and under OATH ----That Mr. Lewis did Not Hurt her in any way, and that she was Not Afraid of Mr. Lewis---And without any Argument from the County Prosecutor any exception to the HEARSAY EXCEPTION is LOST, and again------ THIS CASE SHOULD HAVE BEEN DISMISSED  / CLOSED.

And when the County Prosecutor called Miss Labombard to the Stand during the Trial of Mr. Lewis, knowing Full Well that Miss Labombard had already TESTIFIED in Open Court that Mr. Lewis did Not Hurt Her in any way, and that she was Not Afraid of Mr. Lewis. she again attempted to use her Office as a

County Prosecutor to Not Only Violate Prosecutor's Rule # 3.8, but to also attempted to DECIVE the Trial Court, because at the Hearing to have the Restraining Order Removed from Mr. Lewis, Miss Labombard TESTIFIED under OATH in Open Court

> That she did not call the Police, and had No idea why the Police were in her home, and that she did NOT make any Statements to Officer Daine that Mr. Lewis had Hurt her in any way, or that she was afraid of Mr. Lewis.

And without the Prosecutor arguing that the Single Police Report qualifies as Admissible Evidence under the HEARSAY EXCEPTION RULE, because

> Miss Labombard <u>had somehow committed PERJURY, because the Testimony Miss Labombard gave in Open Court during the Hearing to have the Restraining Order Removed from Mr. Lewis, is inconsistent with the Testimony that she gave Officer Daine,--- ( which the Police allege was given under the penalty of Perjury ) Again, THIS CASE SHOULD HAVE BEEN CLOSED.</u>

N.H. Rule of Law ---Police Reports are generally considered HEARSAY and are usually used for Impeachment Purposes ONLY, <u>because a Police Officer cannot Testify to something someone else told them unless the Statement falls under the HEARSAY EXCEPTION Rule.</u>

And with the alleged victim ( Miss Labombard ) Testifying in Open Court that she did Not make any Statements to Officer Daine -----<u>That Mr. Lewis had Hurt</u>

<u>her in any way, or that she was afraid of Mr. Lewis.</u> ----- And without the County Prosecutor calling Officer Benjarmin ( Primary First Responding Officer at the scene ) as a Rebuttle Witness, <u>any HEARSAY EXCEPTION is Completely LOST, and again, THIS CASE SHOULD HAVE BEEN DISMISSED.</u>

### SECOND ARGUMENT

That the actions of the County Prosecutor Not Only a Violation of the Plaintiff's Constitutional Rights under the Sixth Amendment to the U.S. Constitution, but is a CRIME, because under the Sixth Amendment, <u>the Government ( County Prosecutor ) is PROVENTED from Introducing any Statement that was FABRICATED or made INVOLUNTARY in a CRIMINAL Proceeding .</u>

And when the County Prosecutor alleged that the Statements in the Police Report Of Officer Daine was a TESTIMONAL from Miss Labombard and placed the Police Report of Officer Daine  ( Exhibit # 1 ) into the Trial Court Record, to Justify Probable Cause for the ARREST of Mr. Lewis, ( Prong # 2 ) she crossed the line, because it's a FEDERAL CRIME and --- BAD FAITH ---- ( Prong # 4 ) with the Loss of any ----IMMUNITY---- for the County Prosecutor to introduce any HEARSAY Statements of Miss Labombard into the Trial Court Record that was FABRICATED or made INVOLUNTARY in a Criminal Proceeding and has Lost any/all IMMUNITY from the Damage caused to the Plaintiff and his Family.

(#1 ) Exhibit #1 ---Police Report of Officer Daine, which was entered into the Trial Court Record by the County Prosecutor, which Officer Daine openly admits in his own Police Report that

( #1 ) That Miss Labombard Refused to complete a LAP form.

(#2 ) That Miss Labombard Refused to provide a Statement.

( #3 ) That Miss Labombard also stated that she was NOT hurt or Injured.

( #4 ) That Officer Daine also wrote in his Police Report that he saw NO injuries on Miss Labombard, or any signs of Damage to the home.

And by placing the HEARSAY Police Report of Officer Daine into the Trial Court Record alleging that the Statements contained within by Miss Labombard is a TESTIMONAL because Miss Labombard FREELY and WILLINGLY made these Statements to Officer Daine is a FEDERAL CRIME.

### SECOND CAUSE OF ACTION BAD FAITH

The Civil Rights Complaint also seeks to show BAD FAITH by the Trial Court ( Rochester District ) because when the Trial Court  ( Rochester District ) Found the Plaintiff --NOT GUILTY—the Trial Court also had a Legal Duty to Remove the Single HEARSAY Police Report of Officer Daine from the Trial Court Record SUA - SPONTA ( On its Own )

Because it would be an ---Un-Constitutional Act committed by an Governmental Official ( BAD FAITH ) to allow the HEARSAY Evidence which

> (#1) Violates the Sixth Amendment of the Due Process Clause of the U.S. Constitution.
>
> (#2) Violates the Plaintiff's Civil Rights.
>
> (#3) And also does Not Qualify as Admissible Evidence under Rule # 81 of the HEARSAY Exception Rule.

To Remain a part of the Trial Court Record as a matter of N.H. Constitutional Law.

## POLICE REPORT OF OFFICER DAINE

Officer Daine of the Rochester Police Dept. wrote a Police Report in which he alleges that Miss Labombard allegly told him that

> Mr. Lewis ran from the living room into the kitchen and with both hands pushed Miss Labombard into the wall causing her to fall to the ground, and that she Miss Labombard was afraid of Mr. Lewis, and had barricaded herself in the back bedroom because she was afraid of Mr. Lewis.

But as a Licensed Rochester Police Officer, Officer Daine Failed in his LEGAL DUTIES to follow any of the Protocol as outlined in Rochester City Police Protocol # 42.1.1.2 and Section 621-2-b of the Domestic Abuse Statute

(#1 ) Which Requires for Officer Daine to Video Tape any alleged TESTIMONY that Miss Labombard wanted to VOLUNTARILY make.

(#2 ) Or to Audio Record any UTTERED STATEMENT that Miss Labombard might make,---- which ONLY then would be Admissible Evidence in a Criminal Case.

### HEARS WHERE THE BAD FAITH IS CLEARLY ESTABLISHED

The N.H. Legislators made it so VERY CLEAR as to what was Required under Section 621-2-b of the Domestic Abuse Statute prior to an ARREST of any New Hampshire Resident, because as a New Hampshire Resident, under the Domestic Abuse Statute, the Plaintiff is NOT Entitled to a Probable Cause Hearing, ( as he Requested ) ----So the ONLY Legal way for the Plaintiff to bring his violation of his Constitutional Rights to the Trial Court attention prior to the Trial Date, is with a Per-Trial Hearing to have the Restraining Order Removed from Mr. Lewis, in which the Trial Court ( Rochester District ) allows for both parties to be able <u>to TESTIFY under OATH as to what happened at the Lewis Home.</u>

And at that Hearing Miss Labombard Testified under OATH
That she did not call the Police, and had No idea why the Police were in her home, and that she did NOT make any Statements to Officer Daine that Mr. Lewis had Hurt her in any way, or that she was afraid of Mr. Lewis<u>.</u>

> <u>*Footnote---The Police Report of Officer Hatch ( Arresting Officer ) verifies that Miss Labombard did NOT call the Police, therefore she is under NO Obligation to give any Statement to Officer Daine, and made it CLEAR that she did NOT want to make one when Requested by Officer Daine.*</u>

And without the County Prosecutor making any CHALLENGE to the Sworn Testimony of Miss Labombard, the Restraining Order was REMOVED, and the Plaintiff requested for the entire case to be DISMISSED and was DENIED.

And when the time came for the Trial of Mr. Lewis in Rochester District Court, when the County Prosecutor called Miss Labombard ( alleged Victim ) to the Stand, and she continued to State under OATH

> That she did not call the Police, and had No idea why the Police were in her home, and that she did NOT make any Statements to Officer Daine that Mr. Lewis had Hurt her in any way, or that she was afraid of Mr. Lewis.

And its BAD FAITH with the Loss of Immunity, and a violation of the Plaintiff's Sixth Amendment Rights for the County Prosecutor to introduce any Fabricated or Involuntary Statements into any Criminal Court Proceeding.

### VIOLATION OF THE SIXTH AMENDMENT TO THE U.S. CONT.

In Crawford v. Washington U.S. Supreme Court Justice Scolia Concluded a Constitutional Issue ------ Because the HEARSAY EVIDENCE that the County Prosecutor seeks to Introduce is " Testimonial  " in Nature, <u>it is BARRED as a Violation of the Defendants Rights of Confrontation under the Sixth Amendment</u>.

As a Minority Rochester Resident, and not wanting any problems with the Rochester Police Dept.--- <u>The Plaintiff is Not Challenging the Integrity or the Creditability of Officer Daine, ------but simply wants to show that the DUE PROCESS of LAW Prevents the Government ( County Prosecutor ) from</u>

Introducing any Statement into the Trial Court Record that may have been FABRICATED or made INVOLUNTARY by Miss Labombard in a Criminal Proceeding .

The Police Report of Officer Hatch confirms that Mr. Lewis gave his house keys to Officer Benjarmin, so that he could do a SAFETY CHECK on Miss Labombard, but at the time of the Lewis Trial, the County Prosecutor failed to call Officer Benjarmin ( First Responding Officer at the scene ) to the Stand to TESTIFY as to what he Saw and Heard , and why, as a First Responding Rochester Police Officer at the scene, he FAILED to write a Police Report as Required by his Office when an ARREST for a Domestic Disturbance was made.

And without the Prosecutor arguing that the Single Police Report qualifies as Admissible Evidence under the HEARSAY EXCEPTION RULE, because

Miss Labombard had somehow committed PERJURY, because the Testimony Miss Labombard gave in Open Court during the Motion to have in a prior Hearing to have the Restraining Order Removed from Mr. Lewis, is inconsistent with the Testimony that she gave Officer Daine,--- ( which was Not Video Taped, Audio Recorded, or even corroborated by Officer Benjarmin, the Police allege was given under the penalty of Perjury ).

It was a FEDERAL CRIME for the County Prosecutor ( Governmental Official ) to place the HEARSAY Police Report of Officer Daine into the Trial Court Record

34

alleging that the Statements of Miss Labombard were given Freely, and under OATH as a matter of N.H. Law.

Rule of Law ---Police Reports are generally considered HEARSAY and are usually used for Impeachment Purposes ONLY, because a Police Officer cannot Testify to something someone else told them unless the Statement falls under the HEARSAY EXCEPTION Rule.---And without the County Prosecutor calling Officer Benjarmin ( Primary First Responding Rochester Police Officer ) to somehow show that Miss Labombard had committed PERJURY ---- that EXCEPTION is Completely LOST.

Plaintiff Alleges that  – When the County Prosecutor FAILED to ARGUE or to show JUST CAUSE that Miss Labombard had somehow committed PERJURY, the County Prosecutor ( Government ) WAIVES any and all Rights under the Doctrine of Res Judicata and Collateral Estopple for the State Government to Re-Litigate any issue on the Merits of the Sworn Testimony of Miss Labombard in any other Court proceedings between these two parties as a matter of N.H. Law.

And if any element of the Rooker-Feldman Doctrine or any other Restrictive Doctrine that may or may-not have been TRIGGERED as a Result of the HEARSAY Police Report of Officer Daine, being allowed to be entered into the Trial Court Record from the prior State Court proceedings are all MOOT ---and does NOT BAR the Plaintiff from

(#1) Presenting a Constitutional Challenge in this Honorable Court U.S. District of an ---ILLEGAL ACT of BAD FAITH and the Loss of Immunity ----- perpetrated by Governmental Officials under the Color of their Office, when the County Attorney's Office and the County Prosecutor placed the single HEARSAY Police Report of Officer Daine into the Trial Court Record alleging that Miss Labombard made a Testimonial to Officer Daine, which was under OATH, and justifies Probable Cause under Section 621-2-b of the Domestic Abuse Statute for the ARREST and INCARCERATION of Mr. Lewis, especially when the Prosecutor knew at the time that Officer Daine.

> (#1a) Failed to have a Patrol Car in that Section of Rochester equipped with Audio/ Video Taping equipment at the scene.
>
> (#2a) Failed to have Two Officers Present at the scene prior to entry into the Lewis home.
>
> (#3a) Failed to have any Recording Devise available to him, prior to entry into the Lewis home to Record any Uttered Statement that Miss Labombard might make.
>
> (#4a) Failed to have any Video Taping Equipment present to Video Tape any Cuts or bruises that the alleged victim Miss Labombard might have.
>
> (#5a) Failed to have any Video Taping Equipment present to Video Tape any Testimony that Miss Labombard allegedly made.
>
> (#6a) Failed to Comply with Strafford County Protocol for Domestic Violence Investigation.
>
> (#7a) Failed to have any JUST CAUSE as defined by Section 621-2-b of the Domestic Violence Statute for the ARREST of Mr. Lewis.

Also in accordance with Prosecutor's Rule # 3.8 it would be a VIOLATION of her
LEGAL AUTHORITY and the Loss of IMMUNITY as a County Prosecutor to
introduce any Statements that were FABRICATED or made INVOLUNTARY in a
Criminal Case against Mr. Lewis. -----Especially when the Trial Court Record
Clearly shows that at the time the County Prosecutor placed the HEARSAY Police
Report into the Trial Court Record against Mr. Lewis, she CLEARLY knew that

( #1 ) Miss Labombard Refused to Complete a LAP form with Officer
Daine.

(#2 ) Miss Labombard stated that she did not want any information on the
Family Justice Center.

( #3 ) That she was Not interested in an Emergency Protective Order, and

( #4 ) She Refused to provide a Statement.

(#5 ) That she was Not HURT or Afraid of Mr. Lewis.

It was a Federal CRIME, and BAD FAITH with the Loss of any / all IMMUNITY
because when the County Prosecutor chose to place the Police Report of Officer
Daine into the Trial Court Record CRETIFYING that it was TRUE and CORRECT to
justify the ARREST and INCARCERATION of Mr. Lewis, while all the time
covering- up the Fact that the County Prosecutor not only violated the Plaintiff's
Sixth Amendments Rights, she also violate Prosecutor's Rule # 3.8 because

(#1a) At the Date of Mr. Lewis's Trial, the County Prosecutor knew
that Miss Labombard had already previously Testified in Open Court

37

( under the Penalty of Perjury ) while being Represented by Private Counsel, that Mr. Lewis did not hurt her, and that she was not afraid of Mr. Lewis.

(#2a ) That the County Attorney's Office had No Intention of calling Officer Benjarmin ( Primary First Responding Rochester Police Officer at the scene, to the Stand to concur that he too also heard these alleged Statements from Miss Labombard, because Officer Benjarmin chose Not to write a Police Report as his Office Requires when an ARREST under Section 621-2-b of the Domestic Abuse Statute is made because as a Licensed Rochester Police Officer, he didn't see or hear anything that would justify the ARREST of Mr. Lewis.

(#3a) That the County Prosecutor violated Rule #3.8 because she FAILED to inform the Defense, that the Rochester Police Did Not have a Written, Video or Audio Tape Complaint from the alleged victim as Required by State Law, which would mitigate the alleged Crime down to a Misdemeanor.

REQUEST FOR THE ATTORNEY GENERAL OFFICE TO INVESTIGATE

The Plaintiff is Respectfully Requesting for this Honorable Court to contact the U.S. Attorney's Office to do an Investigation, because of the allegation of an Unconstitutional Act committed by an Governmental Official under the Color of her Office.

The County Prosecutor was allowed to use here Office as a County Official to commit **an Federal Crime and an Un-Constitutional Act** by placing the HEARSAY Police Report of Officer Daine into the Trial Court Record alleging that the Statements were a **TESTIMONIAL** from Miss Labombard made to a Governmental Official, **while knowing that she had No corroboration from Officer Benjarmin ( Primary Officer at the scene ) or any other additional Evidence to Testify the ARREST of Mr. Lewis.**

The County Prosecutor has No IMMUNITY from this suite because her actions constitutes **a FEDERAL CRIME and BAD FAITH** -----The Police Report of Officer Daine Clearly shows that Officer Daine

> **Failed to have the Patrol Car in that section of Rochester equipped with Audio/ Video Taping equipment at the scene.**
>
> **Failed to have Two Officers Present at the scene prior to entry into the Lewis home.**
>
> **Failed to have any Recording Devise available to him, prior to entry into the Lewis home to Record any Uttered Statement that Miss Labombard might make.**
>
> **Failed to have any Video Taping Equipment present to Video Tape any Cuts or bruises that the alleged victim Miss Labombard might have.**
>
> **Failed to have any Video Taping Equipment present to Video Tape any willing ---Testimony --- that Miss Labombard allegedly made.**
>
> **Failed to Comply with Strafford County Protocol for Domestic Violence Investigation.**
>
> **Failed to have any JUST CAUSE as defined by Section 621-2-b of the Domestic Violance Statute for the ARREST of Mr. Lewis.**

## FEDERAL JURISDICTION

This Case is in Federal Court because without the Trial Court ( Rochester District ) Striking / Removing the HEARSAY Police Report of Officer Daine from the Trial Court Record when the Court found the Plaintiff Not- Guilty, it allowed another Court ( Strafford County Superior Court  ) in Case # 219-2018-CV-00289, to violate the N.H. Constitution's Two Court System, and the Doctrine of Res Judicata and Collateral Estopple ---- by the use of the N.H. Supreme Court Decision ----

Which allows the New Trial Court ( SCSC ) and Superior Court Justice Houran, to believe that he STILL had the Legal Authority to Re-Litigate the issue of the HEARSAY Police Report of Officer Daine because it was  STILL a Part of the Trial Court Record which was before him,

Even if the alleged victim ( Miss Labombard ) had previously TESTIFIED under OATH in Open Court on two ( 2 ) different occasions in Rochester District

(#1) That she did NOT make any Statements to Officer Daine that Mr. Lewis HURT her in any way or was afraid of Mr. Lewis,

(#2) That these alleged Statements were NOT Video Taped or Audio Recorded as Required by Protocol and Statute.

(#3 ) And that the County Prosecutor FAILED to call Officer Benjarmin to the Stand to corroborate the Police Report of Officer Daine as Required to be Admissible Evidence in a Criminal Case.

40

## SECOND ALLIGATION---THE OF LOSS OF ANY JUDICIAL, MUNICIPAL,  OFFICIAL IMMUNITY BECAUSE OF DECEIT AND BAD FAITH.

The Plaintiff can show a Prima Facie Case that the Listed Defendant's have No JUDICIAL / MUNICIPAL or OFFICIAL IMMUNITY because they were attempting to perpetrate a FRAUD on the Trial Court, because when the County Prosecutor placed the Police Report of Officer Daine into the Trial Court Record

Alleging that the Un- Video Taped , Un-Audio Recorded , Un-Corroborated Statements make by Miss Labombard to Officer Daine  justify PROBABLE CAUSE under Section 621-2-b of the Domestic Abuse Statute to justify the ARREST and INCARCERATION of Mr. Lewis

But without calling Officer Daine to the Stand, the County Prosecutor is attempting to perpetrate a FRAUD on the Trial Court because the County Prosecutor already knew that while being Represented by Private Counsel that Miss Labombard has already previously Testified under OATH before the Trial Court ( Rochester District ) in a prior hearing to have the Restraining Order Removed that from Mr. Lewis that

That she did not call the Police and had No idea why the Police were in her home, and that she did NOT make any Statements to Officer Daine that Mr. Lewis had Hurt her in any way, or that she was afraid of Mr. Lewis.

41

*Footnote---The Police Report of Officer Hatch ( Arresting Officer ) verifies that Miss Labombard did NOT call the Police, therefore she is under NO Obligation to give any Statement to Officer Daine, and made it CLEAR that she did NOT want to make one when Requested by Officer Daine.*

And without the County Prosecutor calling Officer Benjarmin ( Primary Officer at the scene ) to the Stand to corroborate Officer Daine's Police Report  the Police Report of Officer Daine is -- HEARSAY EVIDENCE --  <u>inadmissible, in any Criminal Court Proceeding, and is a CRIME and the Loss of Immunity by BAD FAITH for the County Prosecutor to introduce any Statement allegedly made by Miss Labombard that were INVOLUNTARY made by Miss Labombard in a CRIMINAL Proceeding.</u>

## TRIAL COURT PROCEEDING

Because the N.H. Legislators made the Requirements to justify Probable Cause under Section 621-2-b of the Domestic Abuse Statute very Specific, once you are CHARGED, the State Statute does Not allow the Defendant to Request a PROBABLE CAUSE HEARING before having to Stand Charges against a Crime that may or may Not have even Committed.

The ONLY chance that the Plaintiff had to show that he was INNOCENT, and to have his ARGUMENT Documented for the Trial Court Record prior to Trial, was with <u>the PLAINTIFF'S MOTION TO HAVE THE RESTRAINING ORDER REMOVED </u>in which the Trial Court allows Open Testimony from both parties and those

Testimony's are under OATH. --- And under OATH, and being Represented by Private Counsel, Miss Labombard Testified d in Open Court that

> (#1 ) That she did Not call the Police
>
> (#2) That she had No Idea why the Police were in her house
>
> (#3) That she did not Sign or want to Sign a Complaint against Mr. Lewis.
>
> (#4 ) That Mr. Lewis did Not hurt her in any way, and that she was Not afraid of Mr. Lewis.---And the ORDER was REMOVED.

Being Pro- Se, and as CRAZY as this Sounds, even after Miss Labombard made a TESTIMONIAL under OATH in Open Court before Rochester District Court, that Mr. Lewis did Not Hurt her in any way, and that she was Not afraid of Mr. Lewis.

The County Prosecutor actually call Miss Labombard to the Stand again with the FULL Knowledge that Miss Labombard had already Testified under OATH in Open Court during the Hearing to have the Restraining Removed

> (#1 ) That she did Not call the Police
>
> (#2) That she had No Idea why the Police were in her house
>
> (#3) That she did not Sign or want to Sign a Complaint against Mr. Lewis.
>
> (#4 ) That Mr. Lewis did Not hurt her in any way, and that she was Not afraid of Mr. Lewis.---And the ORDER was REMOVED and again

And again she Re-stated the same thing

> (#1 ) That she did Not call the Police

(#2) That she had No Idea why the Police were in her house

(#3) That she did not Sign or want to Sign a Complaint against Mr. Lewis.

(#4 ) That Mr. Lewis did Not hurt her in any way, and that she was Not afraid of Mr. Lewis.---And the ORDER was REMOVED And again

And without the County Prosecutor alleging, proving or calling any Witness to show that Miss Labombard had somehow committed PERJURY, because the Testimony Miss Labombard gave in Open Court during the Motion to have the Restraining Order Removed from Mr. Lewis, is inconsistent with the Testimony that she gave Officer Daine, ( which the Police and County Prosecutor alleges Miss Labombard gave under the Penalty of Perjury )

By Failing to call Officer Benjarmin ( Primary First Responding Rochester Police Officer at the scene ) to the Stand,  the County Prosecutor has also WAIVES the States Rights to CHALLENGE the SWORN Testimony of Miss Labombard in any other Court proceedings between these two parties.  -----And the Trial Court ( Rochester District ) has a Legal Duty to STRIKE/ REMOVE the Police Report of Officer Daine --Sua Suponta-- as a matter of Law.

### REPORT AND RECOMMENDATION # 2 Of BAD FAITH

Because the Plaintiff is Pro-Se, and the Court ( N.H. District ) is Required to do a REPORT and RECOMMENDATION before issuing any Summons in this matter, and because the Plaintiff is Challenging issues from a Prior Case. -----The Plaintiff wants First and Foremost to show that the Sixth Amendment Due Process

Clause of the U.S. Constitution <u>PREVENTS the Government ( County Prosecutor )</u> <u>from introducing any Statement that were Fabricated or made Involuntary in a</u> <u>Criminal Proceeding, especially when Miss Labombard has already TESTIFIED</u> <u>under OATH on two different occasions before the Court that</u>

> She did not call the Police, and had No idea why the Police were in her home, and that she did NOT make any Statements to Officer Daine that Mr. Lewis had Hurt her in any way, or that she was afraid of Mr. Lewis.

And if any element of the Rooker-Feldman Doctrine or any other Restrictive Doctrine that may or may-not have been TRIGGERED from the State Court proceedings from Strafford County Superior Court -----does NOT BAR the Plaintiff from

(#1) Presenting a Constitutional Challenge of an   ---ILLEGAL ACT ---- perpetrated by the Rochester Police Dept. and the County Attorney's Office and the Loss of any IMMUNITY because of BAD FAITH by the Defendant's because the Police Report of Officer Daine does not Qulify as  HEARSAY EXCEPTION under Rule # 801, especially when Miss Labombard ( alleged Victim ) TESTIFIES in Open Court that Mr. Lewis did NOT Hurt her in any way.

(#2 ) The Police Report of Officer Daine was Not Supported by Officer Benjarmin ( Primary Officer at the scene ) or any other Evidence as Defined under Section 621-2-b of the Domestic Abuse Statute.

And its BAD FAITH ( tort ) when the County Prosecutor attempted to DECIEVE the Trial( Rochester District ) in the belief that the Arresting Officers had

45

COMPLIED with all the Protocol's Required under Rochester Police Protocol # 42.1.1.2 and Section 621-2-b of the Domestic Abuse Statute, for the proper ARREST and INCARCERATION of Mr. Lewis.

While all the time covering- up the Fact that the County Prosecutor had violate Prosecutor's Rule # 3.8 because

(#1a) At the Date of Trial, the County Prosecutor knew that Miss Labombard had already previously Testified in Open Court ( under the penalty of Perjury ) to have the Restraining Order Removed, and while being Represented by Private Counsel, that Mr. Lewis did not hurt her, in any way, and that she was Not Afraid of Mr. Lewis.

(#2a ) That the County Attorney's Office had No Intention of calling Officer Benjarmin to the Stand to concur that he too also heard these alleged Statements from Miss Labombard, because Officer Benjarmin chose Not to write a Police Report as his Office Requires when an ARREST under Section 621-2-b of the Domestic Abuse Statute ------Because as a License Rochester Police Officer, and the First Responder at the scene of a possible Domestic Disturbance, Officer Benjarmin did NOT see or hear anything that would justify the ARREST of Mr. Lewis.

(#3a) That the County Prosecutor violated Rule #3.8 because she she FAILED to inform the Defense, that the Rochester Police Did Not have a Written, Video or Audio Tape Complaint from the alleged victim as

**Required by Protocol, Statute and State Law, <u>which would mitigate the alleged Crime to a Misdemeanor.</u>**

**The County Prosecutor chose a course of DECEIT and wanted to cause injury to both Mr. Lewis and Miss Labombard by hiding the FACT that Rochester Police Dept. had violated every MINISTERIAL <u>–Non Discretional Duty under the Strafford County Domestic Violence Protocol, and Section 621-2-b of the Domestic Abuse Statute when they</u>**

**Failed to have the Patrol Car in that section of Rochester equipped with Audio/ Video Taping equipment at the scene.**

**Failed to have Two Officers Present at the scene prior to entry into the Lewis home.**

**Failed to have any Recording Devise available to him, prior to entry into the Lewis home to Record any Uttered Statement that Miss Labombard might make.**

**Failed to have any Video Taping Equipment present to Video Tape any Cuts or bruises that the alleged victim Miss Labombard might have.**

**Failed to have any Video Taping Equipment present to Video Tape any Testimony that Miss Labombard allegedly made.**

**Failed to Comply with Strafford County Protocol for Domestic Violence Investigation.**

**Failed to have any JUST CAUSE as defined by Section 621-2-b of the Domestic Violence Statute for the ARREST of Mr. Lewis.**

47

## MINISTERIAL DUTIES

**As the First Responding Rochester Police Officer ,** investigating a possible Domestic Disturbance in Rochester, Officer's Benjarmin's duties are **Not DISCRETIONARY but are MINISTERIAL ( Prong # 1 ) and his actions were WANTON and RECKLESS ( Prong # 3 )** because as the First Responding Rochester City Police Officer at the scene of an alleged Domestic Disturbance, Officer Benjarmin has a Legal Duty ( **MINISTERIAL DUTY** ) to perform a **SAFETY CHECK** , which Requires

#1 **To make sure that there was a Patrol Car equipped with an AUDIO / VIDEO Equipment present before entering the Lewis home**.

#2 **To make sure that there are ( 2 ) Rochester Police Officers present before entering the Lewis Home.**

#3 **To make sure that one of the Officers who entered the home of Mr. Lewis was Trained and Equipped to RECORD any Utter Statement that the alleged victim Miss Labombard might make.**

# 4 **To make sure that one of the Officers who entered the home of Mr. Lewis was Trained and Equipped to VIDEO TAPE any TESTIMONIAL that Miss Labombard might wanted to make.**

#5 **To make sure that any Cuts / Bruise that Miss Labombard might have were VIDEO TAPED.**

# 6 **To Lend Aid to Miss Labombard and any Medical Condition she might have, and to perform a proper Investigation as Required under Section 631-2-b of the Domestic Abuse Statute and Rochester City Police Protocol # 42.1.1.2.**

#7. **To make sure that if there are any ARRESTS made, that those ARRESTS comply with all the Protocols outlined under Strafford County Protocol for**

Domestic Violence Investigation and Rochester City Police Protocol #
42.1.1.2.

STRAFFORD COUNTY PROTOCOL FOR DOMESTIC VIOLANCE INVESTIGATION

VII. When the Police Department makes an ARREST on an incident of Domestic
Violence as defined in RSA 173-B:1, they shall follow the Strafford County
Protocol for Domestic Violence Investigations.

III. OFFICERS RESPONSE

H. Criminality of the Offense

1. No fewer than two ( 2 ) Officers shall be assigned to a Domestic Violence, and
a lone Officer should await backup before entering unless the Officer believes
doing so is necessary to save someone's life.

2. Each cruiser in each zone will be provided with VIDEOTAPE Equipment for use
in investigating Domestic Violence Incidents,---IN ALL CASES, THE VICTIMS
STATEMENT, VICTIMS INJUEIES, WITNESS STATEMENTS, AND THE CRIME SCENE
SHALL ALL BE DOCUMENTED VIA –VIDEO CAMERA.

3. It will be the responsibility of the arresting Officer ( Officer Hatch ) to log the
Videotape into the Police Evidence locker for the County Attorney.
Complaint alleges that the Defendants have NO JUDICIAL, MUNICIPAL OR
OFFICIAL IMMUNITY from a Title 42 Section 1983 Civil Rights Complaint under
Title under Title VI Civil Rights Act of 1964 and the O.J.P. Program Statute.
Because the Defendants were WANTONLY RECKLESS when they Failed to
observe the Known Obligations under RSA 173-b;1 and Section 631-2-b for the
ARREST of Mr. Lewis.

**Which ( #1 ) under R.S.A. 173-B:1 --- would Require a Written, Video Tape, or Audio Recording of the alleged Victim's Complaint before an ARREST can be made.**

**Or (#2 ) Under Section 631-2-b of the Domestic Abuse Statute which would Require for the Rochester Police Dept. and the County Attorney' Office to show that the Police Report of Officer Daine is not HEARSAY EVIDENCE , and that Miss Labombard has committed PERJURY, because the Testimony Miss Labombard gave in Open Court is inconsistent with the Testimony that she gave Officer Daine, which was given under the penalty of Perjury.**

The actions of the listed defendant's show a Reckless Indifference to the Potential Consequence of Miss Labombard and Mr. Lewis both Residents of Rochester and this Wanton and Reckless Action has caused serious Damage to the Plaintiff's Reputation and his Family, **and their ACTIONS have also Resulted in the LOSS of any / all IMMUNITY from a TORT CLAIM for FALSE ARREST, FALSE IMPRISIONMENT for the continued use of the HEARSAY Police Report of Officer Daine to cause HARM to the Plaintiff.**

### N.H. ATTORNRY GENREAL' S OFFICE SECTION 631-2-B

The Attorney General's Office's makes it CLEAR, under Statute RSA 173-b-1 that if the Rochester Police Dept. want to bring Charges against Mr. Lewis for

**( a ) Purposely or knowingly causes bodily injury or unprivileged physical contact against another by use of physical force ----they MUST**

( # 1 ) Have seen the Assault for themselves

( #2 ) Have a SIGNED COMPLAINT from the alleged victim.

(#3 ) Have other Evidence as defined by Section 621-2-b of the
Domestic Abuse Statute to justify PROBABLE CAUSE for the ARREST
of Mr. Lewis.

Because without a SIGNED COMPLAINT from the alleged victim Miss Labombard,
**any PROBABLE CAUE under RSA 173-b-1 is LOST**. -----And if the Police Dept. still
want to bring CHARGES against Mr. Lewis under Section 631-2-b for

( a ) Purposely or knowingly causes bodily injury or unprivileged physical
contact against another by use of physical force.

Under Section 631-2-b -----**Any Testimonial of Miss Labombard MUST be VIDEO
TAPED and any Uttered Statement MUST be AUDIO RECORDED in ORDER to be
ADMISSIBLE EVIDENCE, which ONLY then, would presents PROBABLE CAUSE for
the ARREST of Mr. Lewis.**

### A.G. DOMESTIC ABUSE INVESTIGATING CHECKLIST

# 4 --Record any spontaneous statement ( excited utterance ) made by the
victim

# 9 --Document Evidence of alcohol and/ other drugs consumed by the victim
relative to the incident.

# 15 ---Receive Audio, Video or Written Statement from the victim ( Audio or
Video Preferred )

The Attorney General Office and Rochester City Police Protocol # 42.1.1.2 makes
it very CLEAR that when Police investigate any possible Domestic Disturbance, the
Police Response is **MINISTERIAL AND NON DISCRETIONAL**, --- and the Rochester
Police Dept. went even farther by adding ADDITIONAL TRAINING under Rochester
Police Protocol # 42.1.1.2, and that ADDITIONAL TRAINING also makes it CLEAR

that the RESPONSE to any Domestic Disturbance is again **MINISTERIAL and NON - DISCRETIONAL.**

## STRAFFORD COUNTY PROTOCOL FOR DOMESTIC VIOLENCE INVESTIGATION

When the Police Department make an ARREST on an incident of Domestic Violence as defined in RSA 173-B:1 or Section 621-2-b of the Domestic Abuse Statute, they shall follow **the Strafford County Protocol for Domestic Violence Investigation.**

**Each cruiser in each zone will be provided with VIDEOTAPE Equipment for use in investigating Domestic Violence Incidents,---IN ALL CASES, THE VICTIM STATEMENT, VICTIM INJURIES, WITNESS STATEMENTS AND THE CRIME SCENE SHALL ALL BE DOCUMENTED VIA VIDEO CAMERA.**

### IV. FIRST RESPONDERS OBLIGATION TO ABUSED PARTY

**D. Any act or omission of a Peace Officer rendering Emergency Care or Assistance to a victim of Domestic Violence shall NOT impose Civil Liability upon the Officer if rendered in GOOD FAITH and NOT the Result of Gross Negligence or Willful Misconduct.**

### BAD FAITH

**The actions of the County Prosecutor of placing the Police Report of Officer Daine into the Trial Court Record make the Listed Defendants  Co- Comsperitor ) and Liable for DAMAGES as a Result of BAD FAITH committed by the County Prosecutor when she chose to place the HEARSAY Police Report of Officer Daine into the Trial Court Record**

> **Alleging that the Statements made by Miss Labombard were a TESTIMONAL made to a Governmental Official which justifies the ARREST and INCARCERATION of Mr. Lewis under Section 621-2-b of the Domestic Abuse Statute at Strafford County House of Corrections.**

52

## WILLFUL MISCONDUCT

Officer Benjarmin was given the keys to Mr. Lewis's home, and was sent to investigate a possible Domestic Disturbance, and to do a SAFETY CHECK on Miss Labombard which  Requires for Officer Benjarmin to comply with the Rochester City Police Protocol  # 42.1.1.2 which Requires

( #1 ). When investigating a possible Domestic disturbance for the First Responding Officer ( Officer Benjarmin ) to have at least one Police Cruiser at the scene equipped with a Videotaping Equipment for the use in investigating any Domestic Violence Incidents.

( #2 ). That there be at least ( 2 ) two or more Rochester Police Officer's present before entering the Home where there is an alleged Domestic Violence Allegation.

( #3 ) <u>And in all cases of alleged Domestic Violence, ----Victims Statement, Victim Injuries, Witness Statements, and the Crime Scene shall all be documented via VIDEO CAMERA</u>.

( #4 )  And if there is an ARREST under the Domestic Violence Statute, that both ( 2 ) Officers ( Officer Benjarmin and Officer Daine ) who were at the scene, are Legally Obligated to write a detailed Police Report of the incident.


The Actions of Officer Benjarmin are a Intentional Wrongful Act ( TORT ) committed by a Governmental Official, with the intention to cause Injury to Miss Labombard ( alleged victim ) and Mr. Lewis without JUST CAUSE.

The Plaintiff can establish a Prima Facie case of for **BAD FAITH, GROSS NEGLIGENCE, WILLFUL MISCONDUCT and WANTON AND RECKLESS CONDUCT.**

While at the Rochester Police Dept. being detained by Officer Hatch, Mr. Lewis gave the keys to his home to Officer Benjarmin, so he could do a **SAFETY CHECK** on Miss Labombard as Mr. Lewis REQUESTED, once Officer Benjarmin accepted the Keys to Mr. Lewis home, he becomes the **Primary First Responding Rochester Officer at the scene for a SAFETY CHECK on Miss Labombard,  as requested by Mr. Lewis.**

And the actions of Officer Benjarmin in FAILING to perform any of the ( 8 ) listed below **Ministerial Duties** that his Office REQUIRES is a **Clear and Wanton Act (** *An omission of a known obligation with Reckless indifference to the potential harmful consequences to Mr. Lewis or Miss Labombard  )*( **Prong # 3 ) and his actions of leaving the scene so he wouldn't have to write a detailed Police Report was Reckless,** *( Gross Negligence or Conduct without any thought as to the consequences that will be suffered by the victims* ) ( **Prong # 3 )  and it's a sign of BAD FAITH and a DERELICTION of DUTY.**

### MANDATORY RECORDING

The State Legislator's made the Video Taping or Audio Tape Recording of any alleged **TESTIMONAL in a Domestic Disturbance Case is a a Non- Discretionary Act** and imposed a **Ministerial Duty by Protocol and Statute,** and it's extremely important, especially when the Police Report of Officer **Daine specifically States**

   **(#1 ) That Miss Labombard, the alleged victim  REFUSED to give any Statement, or to Sign a Complaint,**

   **and (#2 ) The alleged victim ( Miss Labombard ) Testified in Open Court, and under OATH and the penalty of PERJURY that she did not making any  Statement to Officer Daine,**

   **That Mr. Lewis hu**

54

rt her in any way, or that she is afraid of Mr. Lewis.

## ARGUMENT

This Mandatory Recording is the difference between HEARSAY and PROBABLE CAUSE Evidence under Under Section 621-2-b of the Domestic Abuse Statute, The Plaintiff was Arrested for

( a ) Purposely or knowingly causes bodily injury or unprivileged physical contact against another by use of physical force

But at the Time that the County Prosecutor entered the Hearsay Police Report of Officer Daine into the Trial Court Record she committed a **CRIME** because at the time that she entered the Police Report of Officer Daine into the Trial Court Record, she FAILED to have any **Probable Cause Evidence** as defined **under Section 631:2-b of the Domestic Abuse Statute and Rochester City Police Protocol # 42.1.1.2 in order to do so.**

### PROBABLE CAUSE FOR A DOMESTIC VIOLENCE ARREST UNDER 631:-2-B

- If the victim Signs a Complaint, Arrest is made

- If the Police see the Assault for themselves, it would Mandate Arrest

- A Victim having a Noticeable Physical Injury would be defined as Probable Cause to Arrest

- If Alcohol is involved, the Police would look for Cuts or Bruises or Blood which would almost Mandate a Arrest at that point.

- If Police fine Evidence of Broken Objects at the scene, but no evidence of Physical Injury, they can make a Arrest for Criminal Mischief

The Offence or Attempted Offence MUST represent a Credible Threat to the Safety of the Victim

## CITY OF ROCHESTER

The City of Rochester has No Judicial, Qualified or Municipal Immunity against a 42 U.S.C. 1983 Civil Rights Complaint or a Title VI Civil Right Act of 1964 and the O.J.P. Program Statute because of ----BAD FAITH--- The Law prohibits both individual instances and patterns of Practice of Discriminatory Misconduct of UNJUSTIFIABLE ARREST.

The N.H. Supreme Court Ruled that under 507-b: 4 ---- The individual Governmental Officials listed are Immuned from a Negligence Claim as long as they were (#1 ) Action within the Scope of their Office, and ( #2 ) Acted in Good Faith

Plaintiff alleges that the City of Rochester Police were NOT acting with Good FAITH when they

Failed to have the Patrol Car in that section of Rochester equipped with Audio/ Video Taping equipment at the scene.

Failed to have Two Officers Present at the scene prior to entry into the Lewis home.

Failed to have any Recording Devise available to him, prior to entry into the Lewis home to Record any Uttered Statement that Miss Labombard might make.

Failed to have any Video Taping Equipment present to Video Tape any Cuts or bruises that the alleged victim Miss Labombard might have.

Failed to have any Video Taping Equipment present to Video Tape any Testimony that Miss Labombard allegedly made.

Failed to lend Aid to Miss Labombard or to Investigate an alleged Domestic Disturbance at the Lewis home as Required by his Office.

**Failed to Comply with Strafford County Protocol for Domestic Violence Investigation.**

### ROCHESTER POLICE DEPT.

**Rochester Police Dept**. – The Rochester Police has No Judicial, Qualified or Municipal Immunity against a **42 U.S.C. 1983 Civil Rights Complaint or a Title VI Civil Right Act of 1964 and the O.J.P. Program Statute** against them because of **BAD FAITH** because they chose a course of **WANTON, RECKLESS, BAD CONDUCT** by conspiring with Officer Benjarmin to perform an **Illegal / Unconstitutional Act** against a Rochester Citizens by violating all the Protocol's set down by the N.H. Attorney General's Office and Rochester City Police Protocol # 42.1.1.2 which Requires any Statement made by Miss Labombard (alleged victim) to be **VIDEO TAPED or AUDIO RECORDED in Order to be Admissible Evidence to justify PROBABLE CAUSE for the Arrest of Mr. Lewis ( FALSE ARREST ) and holding him at Strafford County House of Correction ( FALSE IMPRISIONMENT ) on a $1, 000 Cash bail, all without any evidence that a CRIME has even been committed.**

The Statute make it very Clear, when the Rochester Police are confronted with a alleged victim of Domestic Violence **who Refuses to SIGN A COMPLAINT** and if the Rochester Police Dept. still wants to bring CHARGES under **Section 631:-2-b of the Domestic Abuse Statute** against Mr. Lewis, the Attorney General's Office make it very clear that the Rochester Police Dept. has a Legal Duty ( **Non-Discretional** ) **( Ministerial Duty** ) to follow the Protocol's ( **Established Written Procedures** ) set down by the Attorney's Office and Rochester Police Protocol # 42.1.1.2 for the Arrest of Mr. Lewis, and to have a

57

( #15 )  Audio, Video or Written Statement from the victim ( Audio or Video preferred ),

**OR**

( #4 ) To have any spontaneous Uttered Statement made by the alleged victim ( Miss Labombard ) Recorded, or at the very least ----<u>If a RECORDING could not be made at the time , Protocol might allow for the Rochester Police Dept. to use GOOD FAITH by having the Primary Officer at the scene ( Officer Benjarmin ) Testify under OATH that he also heard Miss Labombard tell the investigating officer that.</u>

Mr. Lewis ran from the living room into the kitchen and with both hands and pushed Miss Labombard into the wall causing her to fall to the ground and that she was afraid of Mr. Lewis.

Because without a **WRITTEN STATEMENT, VIDEO TAPPED TESTIMONY, or a AUDIO RECORDING** of an Uttered Statement, or concurrence from Officer Benjarmin that  he too also heard the Alleged Statements from Miss Labombard to Officer Benjarmin  ----<u>Any alleged Statements in Officer's Daine's Police Report alleging that Miss Labombard told him that Mr. Lewis HURT her in any way is --COMPLETE HEARSAY -- and is In- Admissible in any Criminal Court Proceeding</u>

<u>And it's a CRIME and BAD FAITH for the County Prosecutor to enter the Police Report of Officer Daine into the Trial Court Record alleging that these Statements were given Free of Will ---- especially when the Police Report of Officer Daine CLEARLY States that Miss Labombard</u>

( #1 ) Miss Labombard Refused to Complete a LAP form with Officer
Daine.

(#2 ) Miss Labombard stated that she did not want any information on the
Family Justice Center.

( #3 ) That she was Not interested in an Emergency Protective Order, and

( #4 ) She Refused to provide a Statement.

(#5 ) That she was Not HURT or Afraid of Mr. Lewis.


### OFFICER DAINE

**Officer Daine** --- Has No Immunity from **42 U.S.C. 1983 Civil Rights Complaint or
a Title VI Civil Right Act of 1964 and the O.J.P. Program Statute** because when he
chose to take over the investigation, his actions as the alleged New Lead
Investigator are **Non - Discretionary**, and are **Ministerial,** and at that point he also
has a Legal Duty to COMPLY with both Section 631-2-b of the Domestic Abuse
Statute and Rochester City Police Protocol # 42.1.1.2 and that is to

**# 1 –To have a Patrol Car equipped with Audio / Video Equipment at the
Lewis Home prior to entry into the home,**

**# 2 –To make an AUDIO RECORD of any Uttered Statement that Miss
LaBombard might make**

**# 3 To make a VIDEO TAPE Recording of any Testimonial that Miss
Labombard might make.**

**# 4 To VIDEO TAPE any Cuts or Bruise that Miss Labombard might have, in Order to have Admissible Evidence, which would present PROBABLE CAUSE for the ARREST of Mr. Lewis.**

**# 5 To Comply with Strafford County Protocol for Domestic Violence Investigation.**

**#6 Officer Daine filed a FALSE Police Report, in Order to HOLD Mr. Lewis**

### OFFICER HATCH

As the Arresting Officer, Officer Hatch , Officer Hatch has No Judicial, Qualified or Municipal Immunity against a **42 U.S.C. 1983 Civil Rights Complaint or a Title VI Civil Right Act of 1964 and the O.J.P. Program Statute** because his actions are **Not Discretionary**, and **are Ministerial,** and he has a Legal Duty to COMPLY with both Section 631-2-b of the Domestic Abuse Statute and Rochester City Police Protocol # 42.1.1.2 and that is to

**Failed to perform any of the MINISTERIAL NON -DISCRETIONARY duties required under Section 631-2-b or Rochester City Police Protocol # 42.1.1.2 of the Domestic Abuse Statute**

**Failed his MINSTERIAL duties as the Arresting Officer to make sure that the Officer's at the scene had a Patrol Car in that section of Rochester equipped with Audio/ Video Taping equipment prior to the entry into the Lewis home.**

**Failed his MINISTERIAL duties as the Arresting Officer under Rochester City Police Protocol # 42.1.1.2 to Verify that the Officers involved had either a Video Tape or Audio Tape Recording from Miss Labombard the alleged victim.**

**Failed his MINISTERIAL duties as the Arresting Officer to VERIFY that the Officers involved had a Video Tape or pictures of any Cuts or Bruises that**

60

the alleged victim Miss Labombard might have to justify the ARREST of Mr. Lewis.

Failed in his MINISTERIAL duties as the Arresting Officer to make sure that he placed the Audio / Video Recording of Miss Labombard's Testimony or Uttered Statement into the Police Evidence Locker for the County Attorney's Office to Review

Failed to Comply with Strafford County Protocol for Domestic Violence Investigation.

### OFFICER BENJARMIN

Officer Benjarmin--- The WORST of the bunch, has No Judicial, Qualified or Municipal Immunity against a 42 U.S.C. 1983 Civil Rights Complaint or a Title VI Civil Right Act of 1964 and the O.J.P. Program Statute because when Mr. Lewis was at the Rochester Police Station, and Miss Labombard would Not the Door, and the Rochester Police Dept. wanted entry into the Lewis home ---- Officer Hatch called Officer Benjarmin ( a Large Caucasian Officer ) into the room, and he stated that he would tear the door off its hinges to gain access if they had to, --I told them that there is NO need to do that, and Mr. Lewis gave his house keys to Officer Benjarmin.

Once Mr. Lewis gave his house keys to Officer Benjarmin, Officer Benjarmin became the Primary First Responding Officer at the scene with the keys to Mr. Lewis's home and he hold a tremendous amount of Responsibility not only for the Crime Scene, but also for the overall Investigation and ultimately the Prosecution of the Case, and without there being a Police Report from Officer Benjarmin JUSTIFYING why as the Primary First Responding Rochester Police Officer at the scene,

(#1 ) That he was somehow unable or un-willing to perform a SAFETY CHECK, on Miss Labombard,

*61*

Or (#2 ) That he was unable or un-willing to lend assistants to Officer Daine in doing a thorough investigated as his Office Requires.

**Officer Benjarmin is STILL the Primary First Responder at the scene and MUST write a Detailed Police Report when an ARREST is made.**

**Dereliction of Duty to the Residents of Rochester**--- The actions of the Rochester Police Dept., and Officer Benjarmin in this matter is a **WANTON RECKLESS ACT of Disrespect** to ALL the Residents of Rochester and the Rule of Law, because as the **Frist Responding Rochester Police Officer at the scene with a key to Mr. Lewis's home,** Officer Benjarmin First Legal Duty ( **Ministerial Response** ) was to perform a **SAFETY CHECK** on Miss Labombard as Requested by Mr. Lewis a Rochester Resident.

The actions of Rochester City Police Dept. and Officer Banjarmin is CLEARLY a **Wonton and Reckless Act,** because if the Rochester Police Dept. had any TRUE intentions of doing a **SAFETY CHECK**, as Mr. Lewis Requested, Officer Hatch ( Arresting officer ) would have made

**# 1 – Sure that Officer Benjarmin, First Responding Officer sent from the Rochester Police Dept. to investigate a possible Domestic Disturbance to have a Patrol Car equipped with Audio / Video Equipment at the Lewis Home prior to entry into the home.**

**# 2 –That the Responding Officer's have AUDIO RECORDING DEVISE prior to the entry into the Lewis home in order to RECORD any Uttered Statement that Miss LaBombard might make to justify Mr. Lewis Arrest. .**

 **# 3 That the Responding Officer's have VIDEO TAPEING Equipment to Video Tape any Testimonial that Miss Labombard might make to justify the Arrest of Mr. Lewis.**

**# 4 That the Responding Officer's have VIDEO TAPING Equipment to make a VIDEO TAPE of any Cuts or Bruise that Miss Labombard might have, in Order to have Admissible Evidence, which would present PROBABLE CAUSE for the ARREST of Mr. Lewis.**

**#5 That the Responding Officer's COMPY with Strafford County Protocol for Domestic Violence Investigation.**

The Rochester Police Dept. knew that they did Not have PROBABLE CAUSE for the ARREST of Mr. Lewis, but under the State of New Hampshire Domestic Abuse Statute , if they simply CHARGE Mr. Lewis with **DOMESTIC ABUSE** ( **even without any evidence** ) he wouldn't have **the Right to Challenge PROBABLE CAUSE, ( as he tried ) or to even Request a PROBABLE CAUSE HEARING under Section 631:1 or 631-2-b of the Domestic Abuse Statute,  ( as he Requested )** and he would have to sit /wait and suffer until the TRIAL DATE to resolve this issue.

But here is where I think that their Dirty little trick got EXPOSED, the Rochester Police knew that the alleged Statements of Miss Labombard do Not Qulifiy as an **TESTIOMIONAL,**  especially when this alleged TESTIMONY was Not Video Taped, Audio Recorded or even **corroboration by Officer Benjarmin, that there would absolutely be NO PROBABLE CAUSE to justify the ARREST and INCARCERATION of Mr. Lewis, but the mere allegation of a Domestic Disturbance against Mr. Lewis an Afro- American in Rochester N.H. at that moment, was enough to HOLD Mr. Lewis, and to TEACH him a Lesson. ----**The Rochester Police dept. was gambling on the Fact that once the County Prosecutor read the Complaint, and Review all the EVIDENCE that were in the Police Evidence Locker, that the

Prosecuting Attorney would use her **Judicial Discretion and DISMISS the Case, and the Plaintiff would have No Legal Recourse.**

And by that time, the above listed Defendants would have gotten away with their Dirty Little Bags of Tricks by BRANDING / TAGGING Mr. Lewis as a **WIFE BEATER,** having him thrown out of his house, ( **Illegal Arrest** ) with a Restraining Order placed on him, along with lovely visit to Strafford County House of Corrections ( **Illegal Imprisonment** ) which he was held for TWO DAYS under a $1.000.00 Cash bail and knowing Full Well that this action **will forever CHANGE his LIFE, his FAMILY and his REPUTATION.**

Unfortunley, the Special County Prosecutor was NOT on **the same page as the Rochester Police Dept. because she brought forth the Case with the FULL - INTENTIONS of making this case -----COMPLETELY ADVERSARIAL--- by violating the Sixth Amendment to the U.S. Const, and Rule 3.8 of the Code of Conduct for Prosecutors by attempting to Prosecute Mr. Lewis to the FULLEST EXTENT of Law with the ONLY thing that she had, which was the Hearsay Police Report of Officer Daine, which**

> **(#1) Was Not Video Taped as Required by Statute.**

> **(#2) Was Not Audio Recorded as Required by Statute, or**

> **(#3) Not even Collaborated by Officer Benjarmin First Responding Officer at the scene, which constitutes Filing a FALSE Police Report.**

This Prosecution was done in a **WANTON and RECKLESS MANNER with a RECKLESS INTENT to cause HARM to Mr. Lewis b**y the violating his Sixth Amendment rights under the U.S. Const. and by Violating Rule 3.8 of Procecutor's Code of Conduct, by attempting to Prosecute a Case within Strafford County without any Probable Cause Evidence as defined under Section 631-2-b **and the**

**ONLY Reason why she thinks that she can DISTROY any Strafford County**
**Resident's lives without any Evidence, is because she thinks that she and her**
**Office are PROTECTED under JUDICIAL IMMUNITY.**

### BAD FAITH AND FALSE ARREST

In accordance with Rochester City Police Protocol # 42.1.1.2 ---W*hen an ARREST*
*for any Domestic Disturbance is made, it REQUIRES for there to be*

> *#1 A detailed Police Report from at- least ( 2 ) two Rochester Police*
> *Officers ( especially Officer Benjarmin Primary First Responding Officer*
> *who were at the scene )*

> *#2* That Any Victims Testimonial will be Video Taped

> #3 That Any Uttered Statement by the alleged victim will be Audio
> Recorded

> # 4 Any Victims Injuries, any other Witness Statements, along with the
> Crime Scene shall ALL be documented via VIDEO CAMERA.

> # 5 That the ARREST complies with Strafford County Protocol for Domestic
> Violence Investigation.

The Ruling from the N.H. Supreme Court makes it very CLEAR there that the
above listed Defendants **have NO IMMUNITY** because the actions of Officer
Benjarmin Officer Daine and Officer Hatch **are Ministerial and Not Discretional**
and a violation of

> **Prong #1. Discretionary -----Once sent to the home of Mr. Lewis with his**
> **keys, Officer Benjarmin has a LEGAL DUTY as a ( First Responder ) to**

65

investigate any possible Domestic Disturbance at the Lewis Home, and these actions of Investigating are <u>NON DISCRETIONARY</u>

Prong # 2 –  Wanton ----Once leaving the Rochester Police Dept. with the keys to Mr. Lewis's home to preform a SAFETY CHECK or a possible Domestic Disturbance on Miss Labombard, Officer Benjarmin has a Legal Duty to make sure that there was Patrol Car with Audio/ Video equipment available to him prior to entry into the Lewis home.

Prong # 3 –  Reckless -------Once at the Lewis home, Officer Benjarmin was RECKLESS when FAILED to entered the Lewis home without any RECORDING DEVISE to Record any alleged Uttered Statement that Miss Labombard might make, and FAILED to stay at the Lewis Home and to perform an Investigation ( NON DISCRETIONAL ) investigation as his Office Required, and his actions constitute a RECKLESS ACT when he FAILURE to assist Officer Daine, or to write a detailed Police Report as his Office requires when an ARREST for a Domestic Violence is made.

Prong # 4 Loss of Good Faith -------If an ARREST of Mr. Lewis was in Good Faith, the Rochester Police Dept. would have a VIDEO TAPE of <u>any alleged Victims Injuries, any other Witness Statements, along with the Crime Scene shall ALL be documented via VIDEO CAMERA.</u>

Prong # 5 --- Bad Faith ------ Without a Statement from Miss Labombard, the ARREST and IMPRISONMENT of Mr. Lewis is a VIOLATION of Strafford County Protocol for Domestic Violence Investigation.

## BAD FAITH AND FALSE IMPRISIONMENT

The Plaintiff was held at Strafford County House of Corrections for TWO DAYS on a **$ 1.000 Cash bail** without any Evidence that a Crime under Section 631-2-b- of the Domestic Abuse Statute had even been committed.

> # 1 –The Police Report of Officer Daine CLEARLY States that the alleged victim ( Miss Labombard ) **REFUSED** to sign a Complaint as Noted in Officer's Hatch ( Arresting Officer ) Police Report. **This Action now barred from Re-litigation**

> #2  -The Single Rochester Police Report of Officer Daine shows that he **DID NOT WITNESS** the alleged Assault for Himself  .--- **This Action now barred from Re-litigation .**

> #3 – The Single Rochester Police Report of Officer Daine States that Officer Daine FAILED to see any **Noticeable Physical Injuries to justify the ARREST of Mr. Lewis.** .--- **This Action now barred from Re-litigation**

> #4 – The Single Rochester Police Report of Officer Daine shows that the Rochester Police found **No Cuts, Bruises or Blood on the alleged victim ( Miss Labombard ) to automatically mandate the Arrest of Mr. Lewis.---** .--- **This Action now barred from Re-litigation**

> #5 – The Single Rochester Police Report of Officer Daine shows that the Rochester Police **did NOT even fine any evidence of Broken Objects to Arrest the Plaintiff for Criminal Mischief---.--- This Action now barred from Re-litigation.**

The County Attorney's Office have NO JUDICIAL IMMUNITY or DISCRETION in this matter because Checking for Probable Cause is a **Ministerial Act**, and it was **BAD FAITH** that was used by the County' Attorney's Office which lead directly to the Malicious Prosecution of the Plaintiff and the violation of his Civil / Constitutional `Rights.

In Martin v. Merola Civil No 75-7113 A Second Circuit Court decision indicates the Courts may NO LONGER Grant ABSOLUTE IMMUNITY for any Prosecutorial Functions--- <u>BAD FAITH eliminates any IMMUNITY</u>

### BAD FAITH BY STRAFFORD COUNTY ATTORNEY'S OFFICE

**The County Attorney's Office** ---The County Attorney's Office should have NO Judicial Immunity from a **42 U.S.C. 1983 Complaint or a <u>Title VI Civil Right Act of 1964 and the O.J.P. Program Statute</u>** in this matter because its **BAD FAITH**, for the County Attorney's Office to bring forth a Case of Domestic Abuse against a Rochester Resident without any **PROBABLE CAUSE EVIDENSE as defined under Sectiuon 621-2-b of the Domestic Abuse Statute , and her intentions were CLEAR, ----She was completely INSULTED when the poor little confused ( Pro-Se ) Plaintiff, Not only Challenge her INTEGERITY but also her LEGAL AUTHORITY and won,**

( #1 ) Got the Restraining Order Removed.

(#2 ) And he Continued to make it VERY CLEAR that she was attempting to use her Office to Prosecute a Case WITHOUT any EVIDENCE. ( *There is No Sign Complaint from Miss Labombard* )

1. At Arraignment at Strafford County House of Corrections, the Plaintiff was STILL very Upset, – And at his Arraignment on T.V. the Plaintiff made it very CLEAR that he was going to  Represent Myself ( Pro- Se ) and Demand to <u>SEE the SIGNED COMPLAINT of the alleged victim ( Miss Labombard ) as REQUIRED by LAW before an ARREST can be made under this Statute</u> ( 1st *Demand to see the Sign Complaint* ) before he would COMPLY with any more of their DEMANDS. *<u>The RESPONSE from the County Attorney's Office was that they were still investigating.</u>*

68

2. **At Hearing to have the Restraining Order Removed, I again REQUESTED ( 2nd Demand ) to see the SIGNED COMPLAINT that the Rochester Police Dept. said that they had from Miss Labombard, because Miss Labombard is in the Court Room with her Lawyer right NOW, and DENIES making any Statement to Officer Daine that Mr. Lewis Hurt her in any way, or that she was afraid of Mr. Lewis.**

The County Prosecutor **committed an Illegal or Unconstitutional Act, when she Failed to Comply with Strafford County Protocol for Domestic Violence Investigation, and has Violated Rule 3.8. Code of Conduct for County Prosecutor's .**

Because under Strafford County Attorney's Office Protocol for the Domestic Violence, in Order for the County Prosecutor to have Probable Cause --- **IN ALL CASES OF DOMESTIC VIOLENCE, BEFORE AN ARREST CAN BE MADE, ---THE VICTIMS STATEMENT, VICTIMS INJURIES, WITNESS STATEMENTS, AND THE CRIME SCENE SHALL ALL BE DOCUMENTED VIA –VIDEO CAMERA.**

And without a AUDIO/ VIDEO Tape Complaint from the alleged victim Miss Labombard, under the Code of Conduct for Prosecutors, Rule 3.8. Statute, the County Prosecutor in any Domestic Violence Cases to

> **(a ) Refrain from Prosecuting a CHARGE that the Prosecutors knows is Not supported by Probable Cause.**

> **( d) To make timely disclosure to the defense of all Evidence or Information known to the Prosecutor that tends to negate the Guilt of the Accused or Mitigates the Offense.**

The County Prosecutor OPENLY ADMITTS that she was in COMPLETE VIOLATION of Strafford County's Protocol for Domestic Abuse Checklist, because at the Time of her Prosecuting Mr. Lewis for Domestic Abuse, **she didn't have a Sign Complaint or a Audio / Video Taped Complaint from Miss Labombard or, any**

other evidence as defined under Section 621-2-b of the Domestic Abuse Statute to justify Probable Cause for the ARREST of Mr. Lewis.

And in Retaliation, to Mr. Lewis' continued insistence that the COURT should DISMISS this Case, because the Prosecutor has No **INTEGERITY,** and was using her Officer as a Special Prosecutor under **Judicial Immunity** to commit a **CRIME** and to cause DAMAGE to the Plaintiff's Reputation, and his Family life, **because the Only Evidence that the County Prosecutor had was the HEARSAY Police Report of Officer Daine, and without corroboration from Officer Benjarmin, is Completely In- admissible in any Criminal Court Proceeding.**

Again, the County Prosecutor could have simply **DISMISSED this Case as Requested by the Plaintiff, ,** but instead she chose a course of complete **BAD FAITH with MALICE**, by attempting to using her **Office as a ( Governmental Official ) to cover-up the FACT**

   **(#1) That she is working outside of her Legal Authority by violating Rule 3.8 and attempting to Prosecute a Case that is Not supported by Probable Cause Evidence as defined under Section 621-2-b of the Domestic Abuse Statute.**

   **(#2 ) That she is working outside of her Legal Authority by using her Office to allow the Rochester Police Dept. to violate Mr. Lewis's Civil Liberties, because when they ARRESTED him, there was NO PROBABLE EVIDENSE as defined by Section 621-2-b of the Domestic Abuse Statute for his ARREST.**

   **(#3) That she is working outside of her Legal Authority when she FAILS to make timely disclosure to the defense of all Evidence or Information known to the Prosecutor that tends to negate the Guilt of the Accused or Mitigates the Offense.---- ( There is NO Signed Complaint from Miss Labombard ). i.e No Valid Complaint against Mr. Lewis.**

### **#4 That she was working outside of her Legal Authority, and has Lost any Judicial Immunity because the County Prosecutor committed a CRIME by placing the HEARSAY Police Report of Officer Daine into the Trial Court Record alleging that the Statements are TRUE and CORRECT**

The County Prosecutor Now ATTEMPTS to use the ONLY CARD that she has left--- **JUDICIAL IMMUNITY -----**to justify her CRIMINAL ACTS of attempting to Prosecute Mr. Lewis to the FULLEST EXTENT of the LAW under Section 631:-2b of the Domestic Abuse Statute without having any **PROBABLE CAUSE EVIDENSE that a CRIME had even been committed**.

**The County Prosecutor OPENLY admitted in Open Court that she Violated Strafford County Protocol for Domestic Violence Investigation, and she NEEDS to be STOPPED before she Destroys the lives of other Taxpaying Resident of Strafford County.**

At the time of Mr. Lewis ARREST, the County Attorney's Office

> (#1 ) Did Not have a **SIGN COMPLAINT** from the Victim, ( Miss Labombard ) as Required under Section 631:1 of the Domestic Abuse Statute.

> ( #2 ) Did NOT have a **AUDIO / VIDEO TAPED RECORDING** of the alleged Victim ( Miss Labombard ) Complaint as Required under Section 631-2-b from the Rochester Police, which was supposed to be in the Rochester Police Evidence Locker.

> ( # 3 ) Did Not even have a **COLLABORATING** Statement / Report from Officer Benjarmin ( Primary Officer at the scene ) as Required under Rochester City Police Protocol # 42.1.1.2

Nor did the County Attorney's have any other Rochester Police Officer who was at the scene, and willing to testify in Court that they observed

> ( #4 ) Noticeable Physical Injury to the victim --- 631:2-b

( #5 ) Evidence that a struggle had occurred in the home---631-2-b

( #6 ) Consider Mr. Lewis a Credible Threat to the safety of the victim ( Miss Labombard).

Any time a witness gives a ( alleged statement ) to the Police, it is imperative ( Good Faith ) for the County Attorney's Office to conduct a thorough and aggressive investigation ( Non Discretional ) because the testimony of a witness at the time of trial should NEVER be predicted.

## DAMAGES

**R.S.A. 507-b4 Limits Recovery of Damages to $325.000 from any one person, or $ 925.000 by any number of persons in a single incident or occurrence**

**Therefore the Plaintiff seeks $925,000 from the Defendants for Malicious Prosecution, False Arrest and False Imprisonment, violation of the Title VI Civil Rights Act of 1964 and the O.J.P. Program Statute and the violation of Title 42 U.S.C. 1983 for the Deprivation of Rights, Privileges, and Immunities which are secured under Section 631-2-b- of the Domestic Abuse Statute and Rochester City Police Protocol # 42.1.1.2 and both the N.H. and U.S. Constitution.**

Respectfully submitted ---Allan Lewis  37 Cormiers Drive Rochester N.H. 03867

Allan W Lewis

6/5/19

603 408-
403-7384
403 - 1284

72