UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Allan Lewis

    v.                                Civil No. 19-cv-626-LM
                                     Opinion No. 2019 DNH 211

Kyle Daine et al.

**O R D E R**

Plaintiff Allan Lewis, proceeding pro se, sues Rochester Police Officers Kyle Daine, Jacob Benjamin, and Dwayne Hatch, the City of Rochester (collectively "Rochester defendants"), the Strafford County Attorney's Office, and Strafford County Prosecutor Carol Chellman (collectively "Strafford County defendants") for claims arising out of Lewis's arrest and criminal trial in state court. The Rochester defendants and the Strafford County defendants separately move to dismiss Lewis's respective claims against them. Doc. nos. 3, 10. Lewis objects only to the Strafford County defendants' motion. Doc. no. 5. For the following reasons, the court grants both motions to dismiss.[1]

---

[1] Although Lewis requests a hearing on these motions, see doc. no. 5 at 1, the court is not convinced that oral argument would "provide assistance to the court." LR 7.1(d).

**STANDARD OF REVIEW**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71, 75 (1st Cir. 2014). The court may also consider "documents incorporated by reference in the complaint, matters of public record, and other matters susceptible to judicial notice." Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (internal quotation marks and brackets omitted). Considering all these facts, the court must determine whether "plaintiff's complaint set[s] forth a plausible claim upon which relief may be granted." Foley, 772 F.3d at 75 (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A Rule 12(b)(6) motion, in addition to asserting that plaintiff fails to state a plausible claim, may be premised on the inevitable success of an affirmative defense, such as res judicata or a statute of limitations. See Blackstone Realty LLC v. F.D.I.C., 244 F.3d 193, 197 (1st Cir. 2001). "Dismissing a case under Rule 12(b)(6) on the basis of an affirmative defense requires that (i) the facts establishing the defense are

2

definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006).

**BACKGROUND**

In March 2016, Officers Daine and Benjamin conducted a welfare check at Lewis's residence. The officers spoke with Lewis's live-in girlfriend, Lynn Labombard, who told them that she had had a verbal altercation with Lewis and that he had pushed her against a wall. Officer Hatch then arrested Lewis for domestic violence simple assault and a criminal complaint was filed against him. See N.H. Rev. Stat. Ann. § ("RSA") 631:2-b, I. Subsequently, during a civil restraining order proceeding, Labombard testified under oath that Lewis did not hurt her during the March 2016 encounter and that she was not afraid of him.

Lewis pleaded not guilty on the domestic violence simple assault charge and proceeded to trial in the 7th Circuit Court, District Division, in Rochester on May 25, 2016. Carol Chellman of the Strafford County Attorney's Office prosecuted the case. At trial, Labombard testified consistent with her statement during the restraining order proceeding: that Lewis did not hurt her and that she was not afraid of him. Officer Daine also

testified and the court admitted his police report—containing Labombard's statement about Lewis pushing her—to contradict Labombard's in-court testimony.  Officer Benjamin did not testify at trial.  The Circuit Court found Lewis not guilty based on Labombard's testimony.  Doc. no. 10-3.

In April 2017, Lewis filed a civil suit in Strafford County Superior Court against the Rochester Police Department and the Strafford County Attorney's Office.  Doc. no. 4-2 at 1-19. Lewis's 2017 suit alleged claims of false arrest, false imprisonment, malicious prosecution, libel, and a claim under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights and failure of police to follow certain protocols regarding investigation of potential domestic violence.  All these claims were based on the Rochester Police Department's and Strafford County Attorney's Office's conduct in arresting and prosecuting Lewis for the March 2016 domestic violence simple assault charge.  Ultimately, the Superior Court granted the Strafford County Attorney's Office's motion to dismiss the claims against it and the Rochester Police Department's motion for summary judgment.  Doc. nos. 4-2 at 21-23, 10-9.  Lewis did not appeal either of those rulings.

In 2018, Lewis filed another civil suit in Strafford County Superior Court, this time against the Rochester Police

Commissioner, the Rochester Police Department, and Officers Daine and Hatch.  Doc. no. 4-3 at 1-40.  The claims in that suit also originated from the 2016 police investigation, Lewis's arrest, and the criminal trial.  Lewis asserted claims of false arrest, libel, violation of his constitutional and civil rights, and failure of the police to follow certain protocols governing domestic violence investigations and requested that the court issue a declaratory judgment that Officer Daine's police report contained inadmissible hearsay.  The Superior Court subsequently dismissed Lewis's 2018 action based on the doctrine of res judicata.  The Superior Court reasoned that the 2017 suit barred the 2018 suit because it arose out of the same transaction or occurrence as the 2017 suit: Lewis's arrest for domestic violence simple assault, the resulting police reports, and the criminal trial resulting in his acquittal.  Doc. no. 4-3 at 41-49.  Lewis filed an appeal of this decision with the New Hampshire Supreme Court, which the Court dismissed as untimely filed.  Id. at 50.

Lewis filed this suit on June 6, 2019.  He asserts claims arising out of the police investigation leading to his 2016 arrest for domestic violence simple assault, the police reports regarding that investigation, and the criminal trial of that charge resulting in his acquittal.

**DISCUSSION**

Both sets of defendants move to dismiss all claims asserted against them, arguing, among other things, that the claims are barred by res judicata. To determine whether this action is precluded by the prior state court actions, this court must look to the law of res judicata in New Hampshire. See [Dillon v. Select Portfolio Servs.](#), 630 F.3d 75, 80 (1st Cir. 2011) ("Under federal law, a state court judgment receives the same preclusive effect as it would receive under the law of the state in which it was rendered."). Under New Hampshire law, res judicata "precludes the litigation in a later case of matters actually decided, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action." [Brooks v. Tr. of Dartmouth Coll.](#), 161 N.H. 685, 690 (2011). Three elements must be met for res judicata to apply: "(1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered in the first action." Id. The court will analyze the applicability of res judicata separately as to the Rochester defendants and the Strafford County defendants.

I.  Rochester Defendants

   A. Same Parties

For res judicata to apply, the parties here must be the same or in privity with the parties to the earlier action(s). See Brooks, 161 N.H. at 690. Although defendant City of Rochester was not a named defendant in either the 2017 or 2018 actions, the Rochester Police Department was a party to both. Because the police department is a department of the City of Rochester, the 2017 and 2018 suits were effectively brought against the City of Rochester. In other words, the City of Rochester, as the municipal entity, controlled the suits and may be considered the "same party" as the Rochester Police Department in this context. See Restatement (Second) of Judgments § 39 (1982) ("A person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party.").

Officers Daine and Hatch were parties to the 2018 action, but not the 2017 suit and Officer Benjamin was not a party in either action. "Although generally res judicata does not apply to nonparties to the original judgment, this rule is subject to exceptions." Brooks, 161 N.H. at 690 (internal quotation marks omitted). "One exception concerns a variety of pre-existing substantive legal relationships between the person to be bound

7

and a party to the judgment," which are collectively referred to as "privity."  Id.  "The privity exception applies where the non-party's interests were in fact represented and protected in the litigation although he was not a formal party to the proceedings."  Waters v. Hedberg, 126 N.H. 546, 549 (1985).  Privity relationships may include those between a principal and an agent or an employer and employee.  See Sutliffe v. Epping Sch. Dist., 627 F. Supp. 2d 41, 50 (D.N.H. 2008), aff'd, 584 F.3d 314 (1st Cir. 2009) (collecting cases involving res judicata impact of first suit against principal on second suit asserted against agent); see also Restatement (Second) of Judgments § 51 cmt. a (1982).

Here, though the individual police officers were not named parties in the 2017 action, they were employees of the Rochester Police Department, which was a party.  And the officers' conduct—including their alleged lack of probable cause to arrest Lewis and their failure to follow domestic violence investigation protocols—served as the factual basis for the majority of Lewis's claims against the Rochester Police Department.  Thus, the officers' interests were represented and protected in the 2017 suit such that they can be considered in privity with the Rochester Police Department for the purposes of res judicata.  See Town of Seabrook v. State of N.H., 738 F.2d

10, 11 (1st Cir. 1984) (applying New Hampshire law to hold that two named state officials in second action were in privity with the state commission that was named party in first action); Sutliffe, 627 F. Supp. 2d at 50 (naming individual school board members and school employees in second suit did not avoid res judicata effect of first suit against school and select board).[2]

The same can be said about Officer Benjamin with respect to the 2018 suit. Although not a party, Officer Benjamin's interests were represented and protected by the Rochester Police Department in the 2018 action. Finally, it is undisputed that Lewis was a party to both the prior actions. The "same parties" requirement is therefore satisfied regarding all the Rochester defendants in relation to both the 2017 and 2018 actions.

B. Same Causes of Action

For res judicata to apply, the same cause of action must be before this court as was before the Superior Court in the 2017 and/or 2018 actions. See Brooks, 161 N.H. at 690. Under New Hampshire law, "cause of action" "is defined as the right to recover, regardless of theory of recovery." Merriam Farm, Inc. v. Town of Surry, 168 N.H. 197, 199 (2015). "Generally, in

---

[2] Relying on the res judicata effect of the 2017 suit, the Superior Court dismissed the 2018 suit even though Officers Daine and Hatch were not parties to the 2017 action. Doc. no. 10-11.

9

determining whether two actions are the same cause of action for the purpose of applying res judicata, [the court] consider[s] whether the alleged causes of action arise out of the same transaction or occurrence." Id. at 199-200 (internal quotation marks omitted). "Res judicata will bar a second action even though the [plaintiff] is prepared in the second action to present evidence or grounds or theories of the case not presented in the first action." Id. at 200.

Construing the present complaint favorably to Lewis, he alleges the following claims against the Rochester defendants arising out his arrest and criminal trial: discrimination on the basis of Lewis's race in violation of Title VI, 42 U.S.C. § 2000d et seq.; and violations of his civil rights under 42 U.S.C. § 1983 based on the lack of probable cause supporting his arrest, imprisonment, and prosecution, and the failure of all the Rochester Defendants to follow protocols governing the conduct of domestic violence investigations and prosecutions.[3] Many of these claims overlap with claims Lewis raised in the 2017 action, including his claims of false arrest, false imprisonment and failure of the police to follow protocols for

---

[3] Lewis also alleges a violation of the "O.J.P. Program Statute." Doc. no. 1 at 2. Although it appears that Lewis may be referring to the U.S. Department of Justice's Office of Justice Programs ("O.J.P."), he does not cite a particular statute or otherwise clarify the legal basis for this allegation.

domestic violence investigations. They also overlap with Lewis's claims in the 2018 action, which the Superior Court concluded was barred on res judicata grounds by the 2017 action because both actions asserted claims arising out of the same transaction or occurrence. This court reaches the same conclusion. Though the current complaint raises some new grounds or theories of relief, it is based on the same set of facts underlying both the 2017 and 2018 suits: Lewis's arrest for domestic violence simple assault, the resulting police reports, and the subsequent criminal trial. Thus, this litigation involves the same "cause of action" as both of Lewis's prior suits in state court.

C. Final Judgment

Both the 2017 and 2018 suits were resolved by a final judgment on the merits. The Superior Court granted summary judgment to the Rochester Police Department in the 2017 action. That summary judgment order constitutes a final judgment on the merits. See Thone v. Cairo, 130 N.H. 157, 158 (1987) ("Summary judgment procedure allows a final judgment to be entered when there is no genuine issue of material fact requiring a formal trial." (internal quotation marks omitted; emphasis added)). The New Hampshire Supreme Court has also considered a dismissal based on an affirmative defense as a final judgment on the

merits. See Opinion of the Justices, 131 N.H. 573, 580 (1989) (dismissal based on statute of limitations is a final judgment on the merits for purposes of res judicata); see also ERG, Inc. v. Barnes, 137 N.H. 186, 189 (1993) (dismissal for failure to state a claim is a final decision on the merits). In Lewis's 2018 action, the Superior Court dismissed the case based on the Rochester Police Department's affirmative defense of res judicata and the New Hampshire Supreme Court dismissed Lewis's appeal as untimely. Thus, the "final judgment" requirement is satisfied.

In sum, the court finds that the facts underlying the Rochester defendants' res judicata argument "suffice to establish the affirmative defense with certitude." Nisselson, 469 F.3d at 150. Lewis has had several bites at the apple in state court on the same cause of action raised here; those prior actions preclude litigation of the current matter. The Rochester defendants' motion to dismiss is granted.

II. Strafford County Defendants

A. Same Parties

Lewis and the Strafford County Attorney's Office were parties to Lewis's 2017 suit, thus meeting the "same party" requirement. Prosecutor Chellman is an additional defendant not named in the 2017 or 2018 suits. She is, however, an employee

12

of the Strafford County Attorney's Office and her conduct at Lewis's criminal trial served as the factual basis for Lewis's claims against the Strafford County Attorney's Office in the 2017 suit. Consequently, the Strafford County Attorney's Office's defense of the 2017 suit adequately represented and protected Prosecutor Chellman's interests such that she is in privity with the Strafford County Attorney's Office for the purposes of res judicata. See Town of Seabrook, 738 F.2d at 11; Sutliffe, 627 F. Supp. 2d at 50-51. The "same parties" requirement is, therefore, satisfied with respect to the Strafford County defendants in relation to the 2017 suit.

B. Same Causes of Action

As explained above, "cause of action" collectively refers to "all theories on which relief could be claimed on the basis of the factual transaction in question." E. Marine Const. Corp. v. First S. Leasing, Ltd., 129 N.H. 270, 275 (1987). Construing the complaint in this suit favorably to Lewis, he alleges the following claims against the Strafford County defendants arising out of his 2016 arrest and criminal trial: malicious prosecution; discrimination on the basis of Lewis's race in violation of Title VI, 42 U.S.C. § 2000d et seq.; and violations of his civil rights under 42 U.S.C. § 1983 including violation of his 6th Amendment right under the confrontation clause based

13

on the admission of the "hearsay" police report, and violation of his due process rights under the 5th and 14th Amendments based on the introduction of a "fabricated" statement at trial (Labombard's statement contained in the police report). Lewis also alleges an additional claim against Prosecutor Chellman individually. He claims that she violated New Hampshire Rule of Professional Conduct 3.8 by prosecuting him for a charge that she knew was not supported by probable cause.

Lewis's malicious prosecution claim is the same here as in the 2017 action: he claims that the Strafford County defendants lacked probable cause to prosecute him for the domestic violence simple assault charge. Although his other claims appear to raise new theories of relief not advanced in the 2017 suit, they all arise from the same factual transaction: the Strafford County Attorney's Office's prosecution of him for the domestic violence simple assault charge. Because his new claims originate from the same transaction that formed the basis of his 2017 suit, Lewis could have raised these claims in that earlier action. Lewis's claims asserted here are therefore part of the same "cause of action" brought in the 2017 suit.

C. <u>Final Judgment</u>

The Superior Court dismissed Lewis's claims against the Strafford County Attorney's Office in the 2017 suit based on

prosecutorial immunity and failure to state claims upon which relief could be granted.  Doc. no. 4-2 at 21-23.  This dismissal was a final decision on the merits that Lewis did not appeal.  See ERG, Inc., 137 N.H. at 191.  It therefore satisfies the "final judgment" requirement.

In sum, the court finds that the facts underlying the Strafford County defendants' res judicata argument "suffice to establish the affirmative defense with certitude."  Nisselson, 469 F.3d at 150.  Lewis's current claims against them are barred by the preclusive effect of the 2017 litigation.  The Strafford County defendants' motion to dismiss is granted.[4]

## CONCLUSION

For the foregoing reasons, the court grants the Rochester defendants' motion to dismiss (doc. no. 10) and the Strafford County defendants' motion to dismiss (doc. no. 3).  All other pending motions (doc. nos. 6, 13) are denied as moot.  The clerk

---

[4] The Rochester defendants and Strafford County defendants also move to dismiss on several other grounds.  They argue that the entire suit is barred by the Rooker-Feldman doctrine and that Lewis's § 1983 claims are barred by the applicable statute of limitations.  The Rochester defendants additionally argue that certain allegations against them fail to state claims upon which relief may be granted.  Because the court has resolved the pending motions to dismiss on res judicata grounds, the court need not address these additional arguments.

15

of court shall enter judgment in accordance with this order and close the case.[5]

    SO ORDERED.

                                                         Landya McCafferty
                                                         United States District Judge

December 18, 2019

cc:   Allan Lewis, pro se
      Charles P. Bauer, Esq.
      Christine Friedman, Esq.

---

[5] It appears that Lewis may be seeking relief this court cannot provide: removal of his arrest for domestic violence simple assault from the public record. To the extent that is the relief Lewis seeks, he must pursue that before the Rochester Circuit Court. See RSA 651:5, I-II.